# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>for the use and benefit of<br>D.L.I. INCORPORATED<br><br>            Plaintiff,<br><br>vs.<br><br>ALLEGHENY JEFFERSON MILLWORK, LLC<br>44098 Mercure Circle, Suite 115<br>Sterling, Virginia 20166<br><br>SERVE:  Officer or Managing Member<br>44098 Mercure Circle, Suite 115<br>Sterling, VA 20166<br><br>And<br><br>FIDELITY AND DEPOSIT COMPANY OF MARYLAND<br>3910 Keswick Road,<br>Baltimore, MD  21211<br><br>SERVE:  Registered Agent<br>Robert L. Lawrence<br>3910 Keswick Road<br>Baltimore, MD 21211<br><br>And<br><br>GREAT AMERICAN INSURANCE CO.<br>580 Walnut Street<br>Cincinnati, Ohio 45202<br><br>SERVE: Officer or Director<br>580 Walnut Street<br>Cincinnati, Ohio 45202<br><br>And | Case No. |

COMPLAINT - 1                                          THE LAW OFFICE OF SHAWN C. WHITTAKER
                                                                      9055 Comprint Court – Suite 340
                                                                      Gaithersburg, MD 20877
                                                                      Tel: 301.208.9114 / Fax: 301.208.0362
                                                                      shawn@whittaker-law.com

```
TRAVELERS CASUALTY AND SURETY CO.
7920 Belt Line Road
8th Floor
Dallas, TX 75240

SERVE: Officer or Director
7920 Belt Line Road
8th Floor
Dallas, TX 75240

        Defendant(s).
```

## COMPLAINT

Now comes the United States of America, for the use and benefit of the Plaintiff D.L.I. Incorporated (hereinafter "DLI"), by and through counsel Shawn C. Whittaker, and submits this Complaint against the Defendants Allegheny Jefferson Millwork, LLC (hereinafter "Allegheny"), Fidelity and Deposit Company of Maryland (hereinafter "Fidelity"), Great American Insurance Company (hereinafter "Great American"), and Travelers Casualty and Surety Company of America (hereinafter "Travelers") and in support thereof states the following:

## PARTIES AND JURISDICTION

1. Plaintiff DLI is a corporation duly organized and existing under the laws of the State of Florida, with its principal office and place of business located at 1823 2nd Avenue

North, Lake Worth, Florida 33461.  Plaintiff DLI is engaged in the business of installing architectural millwork and casework.

2. Defendant Allegheny is a Pennsylvania limited liability company which, upon information and belief, is not registered to do business in the District of Columbia.  Defendant Allegheny's principal office and place of business is located at 44098 Mercure Circle, Suite 115, Sterling, Virginia 20166.  Defendant Allegheny is a supplier of architectural millwork and casework.

3. Defendant Fidelity is a Maryland corporation, which, upon information and belief, is not registered to do business as a surety in the District of Columbia.  Defendant Fidelity's principal office and place of business is located at 3910 Keswick Road, 5th Floor, Baltimore, Maryland 21211.

4. Defendant Great American is an Ohio Corporation, which, upon information and belief is not registered to do business as a surety in the District of Columbia.  Defendant Great American's principal office and place of business is located at 580 Walnut Street, Cincinnati, OH 45202.

5. Defendant Travelers is a Texas corporation, which upon information and belief is not registered to do business as a surety in the District of Columbia.  Defendant Traveler's

principal office and place of business is located at 7920 Belt Line Road, 8th Floor, Dallas, TX 75240.

6. This Court has jurisdiction of this action pursuant to 40 U.S.C. §270a, §270b.

### FACTS RELEVANT TO ALL COUNTS

7. Plaintiff DLI incorporates the preceding allegations as if fully set forth herein and further states the following:

8. Prior to October 17, 2004, Centex Construction Company (hereinafter "Centex") entered into a written contract with the United States of America, acting by and through the United States General Services Administration, for improvements and renovations for the E. Barrett Prettyman Courthouse located at 333 Connecticut Avenue, NW, Washington, DC (hereinafter referred to as the "Job Site" or "Project" or "Contract").

9. Centex together with Defendant Travelers had duly executed and delivered to the United States of America, acting by and through the United States General Services Administration a payment bond, bond number 103804493, for the protection of all persons supplying labor and material in the prosecution of the work provided for in said contract. *See bond attached as Exhibit A and incorporated herein by reference.*

COMPLAINT - 4

THE LAW OFFICE OF SHAWN C. WHITTAKER
9055 Comprint Court – Suite 340
Gaithersburg, MD 20877
Tel: 301.208.9114 / Fax: 301.208.0362
shawn@whittaker-law.com

10. On October 17, 2004, Centex subcontracted a portion of the work to Defendant Allegheny in which Defendant Allegheny agreed to provide a certain portion of the material and labor provided for in the principal contract. Specifically, Defendant Allegheny was to provide architectural millwork and casework to the project.

11. Defendant Allegheny together with Defendant Sureties Fidelity and Great American had duly executed and delivered to Centex a payment bond, bond number 8762374, for the protection of all persons supplying labor and material in the prosecution of the work provided for in the subcontract. *See Bond attached as Exhibit B and incorporated herein by reference.*

12. Thereafter, Defendant Allegheny verbally requested Plaintiff DLI to provide the labor for the installation of architectural millwork and casework to the Project in the amount of in the amount of $1,175,000.00.

13. On or about December 6, 2004, Plaintiff DLI began supplying labor and commenced work on the Project.

14. On or about February 12, 2005, Defendant Allegheny submitted a written contract to Plaintiff DLI for review. Plaintiff DLI revised and signed the subcontract and submitted it to the Defendant Allegheny. Defendant Allegheny never returned a

signed copy of the revised subcontract to the Plaintiff DLI. *A copy of the revised subcontract is attached hereto as Exhibit C and is incorporated herein by reference.*

15. The total amount of the base subcontract was $1,175,000.00.

16. During the course of the Project, there were approved additions and deductions totaling $1,198,047.58. The total amount of the subcontract with approved changes and credits was $2,373,047.58.

17. Additionally, Plaintiff DLI incurred additional costs caused by Defendant Allegheny or Centex, and due to no fault of the Plaintiff DLI, in the amount of $30,108.08.

18. Defendant Allegheny did cause to be paid to Plaintiff DLI $1,838,013.88. Therefore, a balance remains due and owing of $565,141.78.

19. The date on which Plaintiff DLI last supplied labor to the Project was December 15, 2005.

## COUNT I
## BREACH OF CONTRACT AGAINST ALLEGHENY

20. Plaintiff DLI incorporates the preceding allegations contained in paragraphs 1-19 as if fully set forth herein and further states the following:

21. The Plaintiff DLI performed pursuant to the subcontract between Defendant Allegheny and Plaintiff DLI.

22. Despite full performance and demand by Plaintiff DLI, Defendant Allegheny has failed to remit payment of $565,141.78.

23. By failing to remit the balance due of $565,141.78, Defendant Allegheny has breached its agreement and/or subcontract with Plaintiff DLI.

24. Plaintiff DLI has suffered damages in the amount of $565,141.78 due to Defendant Allegheny's breach of the agreement and/or subcontract.

WHEREFORE, the Plaintiff DLI, Incorporated prays for judgment against Defendant Allegheny Jefferson Millwork, LLC for:

(a)     A principal amount of $565,141.78; and

(b)     Interest from December 15, 2005; and

(c)     costs of this action; and

(d)     for such other and further relief as the Court may deem just and proper.

## COUNT II
## QUASI-CONTRACT/UNJUST ENRICHMENT (AS TO ALLEGHENY)

24. Plaintiff DLI incorporates the preceding allegations contained in paragraphs 1-19 as if fully set forth herein and further states the following:

COMPLAINT - 7

THE LAW OFFICE OF SHAWN C. WHITTAKER
9055 Comprint Court – Suite 340
Gaithersburg, MD 20877
Tel: 301.208.9114 / Fax: 301.208.0362
shawn@whittaker-law.com

25. Plaintiff DLI supplied valuable labor, materials, and equipment to Defendant Allegheny for Defendant Allegheny to complete its work under the subcontract with Centex.

26. Even if no express contract is found as to some or all of the aforesaid labor and equipment furnished by Plaintiff DLI to Defendant Allegheny, said work was furnished at the request of Defendant Allegheny and conferred a benefit on Defendant Allegheny.

27. Defendant Allegheny's requests implied a promise to compensate Plaintiff DLI for the labor and equipment furnished by Plaintiff DLI.

28. Defendant Allegheny has, and had at all times pertinent hereto, an appreciation and/or knowledge of the benefit conferred by Plaintiff DLI and accepted or retained the benefit of Plaintiff DLI's work without paying the reasonable value of said work.

29. Defendant Allegheny knew that Plaintiff DLI expected to be compensated for its labor.

30. The reasonable value of the labor and equipment furnished by Plaintiff DLI to Defendant Allegheny for which it has not been paid is $565,141.78.

31. Despite demand by Plaintiff DLI, Defendant Allegheny has failed and refused to pay the balance due of $565,141.78 to

compensate Plaintiff DLI for the value of the labor and equipment furnished as aforesaid; Plaintiff DLI is damaged in said amount.

32. Plaintiff DLI has submitted a claim to Defendant Allegheny for reimbursement of its damages so that Defendant Allegheny can submit the claim to Centex.

33. If Defendant Allegheny recovers or has recovered from Centex any amount for Plaintiff DLI's claim, then it would be unjust for Defendant Allegheny to retain funds so recovered.

WHEREFORE, the Plaintiff D.L.I. Incorporated prays for judgment against Defendant Allegheny Jefferson Millwork, LLC. for:

(a)  A principal amount of $565,141.78; and

(b)  Interest from December 15, 2005; and

(c)  Costs of this action; and

(d)  For such other and further relief as the Court may deem just and proper.

### COUNT III
### MILLER ACT CLAIM AS TO TRAVELERS

34. Plaintiff DLI incorporates the preceding allegations contained in paragraphs 1-33 as if fully set forth herein and further states the following:

35. On or about February 22, 2006, Plaintiff DLI requested a copy of the payment bond obtained by Centex for the Project from

GSA pursuant to 40 U.S.C. § 3133. *See copy of letter to U.S. General Services Administration attached as Exhibit D and incorporated herein by reference.*

36. On or about February 22, 2006, Plaintiff provided Centex with notice of the claim on the payment bond. *See copy of Certified Mailing Receipt attached as Exhibit E and incorporated herein by reference. See copy of Notice Letter attached as Exhibit F and incorporated herein by reference.*

37. On or about February 23, 2006, Centex did receive the notice of the claim on payment bond. *See Certified mail return receipt attached as Exhibit G and incorporated herein by reference.*

38. On or about March 10, 2006, Plaintiff provided an amended second notice of the claim on the payment bond to Centex. *See copy of Amended Notice attached as Exhibit H and incorporated herein by reference. See copy of Certified Mail receipt attached as Exhibit I and incorporated herein by reference.*

39. On or about March 13, 2006, Centex did receive the amended notice of the claim on the payment bond. *See Certified Mail return receipt attached as Exhibit J and incorporated herein by reference.*

40. On April 13, 2006, GSA did provide Plaintiff DLI a copy of the payment bond. *See letter attached as Exhibit K and incorporated herein by reference.*

41. Defendant Travelers failed to remit payment to the Plaintiff DLI in the amount of $565,141.78.

42. Plaintiff DLI is bringing this action against Travelers within one year of its last performance to collect monies owing from Travelers to Plaintiff DLI for labor provided to the Project.

WHEREFORE, the Plaintiff DLI, Incorporated prays for judgment against Defendant Surety jointly and severally for:

(a)  A principal amount of $565,141.78; and

(b)  Interest from December 15, 2005; and

(c)  costs of this action; and

(d)  for such other and further relief as the Court may deem just and proper.

## COUNT IV
### ACTION ON SUBCONTRACTOR'S PAYMENT BOND AGAINST DEFENDANTS FIDELITY AND GREAT AMERICAN

43. Plaintiff DLI incorporates the preceding allegations contained in paragraphs 1-42 as if fully set forth herein and further states the following:

44. On or about February 22, 2006, Plaintiff did give notice of the claim on the payment bond to the Defendants Fidelity and

Great American.  *See Exhibit F.  See copies of certified mail receipts attached as Exhibit L and incorporated herein by reference.*

45. On February 23, 2006, Defendants Fidelity and Great American did receive said notice on, respectively.  *See copies of return receipts attached as Exhibit M and incorporated herein by reference.*

46. On or about March 10, 2006, Plaintiff DLI gave an amended notice of the claim on the payment bond to Defendants Fidelity and Great American.  *See Exhibit H.  See copies of certified mail receipts attached as Exhibit N and incorporated herein by reference.*

47. On March 11, 2006 and March 13, 2006, Defendants Fidelity and Great American did receive the amended notice, respectively.  *See return receipts attached as Exhibit O and incorporated herein by reference.*

48. Defendants Fidelity and Great American failed to remit payment to the Plaintiff in the amount of $565,141.78.

49. Plaintiff DLI is a third party beneficiary to the payment bond.

50. Plaintiff DLI is bringing this action against the Defendants Fidelity and Great American within one year of its last

performance to collect monies owing from Defendants Fidelity and Great American to Plaintiff DLI for labor delivered to the Project.

51. All conditions precedent to Plaintiff DLI's claim under the payment bonds have been met.

WHEREFORE, the Plaintiff DLI, Incorporated prays for judgment against Defendant Surety's jointly and severally for:

(a) A principal amount of $565,141.78; and

(b) Interest from December 15, 2005; and

(c) Costs of this action; and

(d) For such other and further relief as the Court may deem just and proper.

                Respectfully submitted,

                _____

                Shawn C. Whittaker
                DC Bar #468533
                9055 Comprint Court, Ste. 340
                Gaithersburg, MD 20877
                (301)208-9114

                Attorney for D.L.I. Incorporated

COMPLAINT - 13        THE LAW OFFICE OF SHAWN C. WHITTAKER
9055 Comprint Court – Suite 340
Gaithersburg, MD 20877
Tel: 301.208.9114 / Fax: 301.208.0362
shawn@whittaker-law.com

**VERIFICATION**

Mr. Dale Lacy, being first duly sworn on oath, deposes and says that he is a duly authorized agent of DLI Incorporated the Plaintiff DLI herein; that he has read the above and foregoing Complaint and that the facts as stated therein are true and correct to the best of his/her information and belief.

                                                _____
                                                Dale Lacy, President

County of Palm Beach:

State of Florida:

Subscribed and Sworn to before me this 8th day of April, 2006.

_____
Notary Public
My Commission Expires: _____

COMPLAINT - 14                                                    THE LAW OFFICE OF SHAWN C. WHITTAKER
9055 Comprint Court – Suite 340
Gaithersburg, MD 20877
Tel: 301.208.9114 / Fax: 301.208.0362
shawn@whittaker-law.com