UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br>for the use and benefit of<br>D.L.I. INCORPORATED | :<br>:<br>: |
| Plaintiff | : |
| v. | :   Case No.: 1:06CV00875<br>     Judge:  Royce C. Lamberth |
| ALLEGHENY JEFFERSON<br>MILLWORK, LLC., et al. | : |
| Defendants | : |

### ANSWER TO COMPLAINT OF DEFENDANT ALLEGHENY JEFFERSON MILLWORK, LLC

The defendant, Allegheny Jefferson Millwork, LLC, answers the Complaint in the above-captioned matter as follows:

### FIRST DEFENSE

Responding to the individually enumerated allegations of the Complaint, the defendant states:

1. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1 of the Complaint.

2. Defendant admits the allegations of Paragraph 2 of the Complaint.

3. Defendant admits the allegations of Paragraph 3 of the Complaint.

4. Defendant admits the allegations of Paragraph 4 of the Complaint.

5. Defendant admits the allegations of Paragraph 5 of the Complaint.

6. The allegations of Paragraph 6 of the Complaint set forth jurisdictional allegations to which no response is required. In the alternative, defendant denies these allegations.

7. Defendant incorporates its answers to the preceding allegations as if fully set forth herein.

8. Defendant admits the allegations of Paragraph 8 of the Complaint.

9. Defendant admits the allegations of Paragraph 8 of the Complaint.

10. Defendant admits the allegations of Paragraph 10 of the Complaint.

11. Defendant admits the allegations of Paragraph 11 of the Complaint.

12. Defendant denies the allegations of Paragraph 12 of the Complaint as alleged. The work performed by plaintiff on a time and material basis was for installation of bookcases and trim on Floors 2, 3 and 4 of the Project, and was performed outside of the terms of the written contract between defendant and plaintiff attached as Exhibit C to the Complaint. The work performed on that basis has been fully paid.

13. Defendant denies the allegations of Paragraph 13 of the Complaint as alleged. Plaintiff began supplying labor and material on the time and materials segment of the Project in December 2004 and completed this work in January 2005. The work   This segment has been fully paid and satisfied.

14. Defendant denies the allegations of Paragraph 14 of the Complaint in that it implies that the written contract referenced therein was intended to include the time and materials work commenced by plaintiff in December 2004 on the 2nd, 3rd, and 4th Floors of

the Project. In fact, the written contract was dedicated to a separate segment of work on the 5th and 6th floors of the Project, which commenced in February 2005. Defendant admits that the subcontract between the parties, attached as Exhibit C to the Complaint, is a genuine and authentic copy.

15.     Defendant contends that the subcontract speaks for itself as to the amount of the base subcontract. Defendant denies these allegations of Paragraph 15 to the extent that they vary in any material respect from the subcontract itself.

16.     Defendant denies the allegations of Paragraph 16 of the Complaint.

17.     Defendant denies the allegations of Paragraph 17 of the Complaint.

18.     Defendant admits that it has paid the plaintiff $1,838,013.88. Defendant denies the balance of the allegations of Paragraph 18 of the Complaint.

19.     Defendant is without knowledge or information sufficient to form a belief as to the allegation of Paragraph 19 of the Complaint and requires further investigation in order to respond thereto.

## COUNT I

20.     Defendant adopts and incorporates by reference its responses to the allegations of Paragraphs 1 through 19 of the Complaint.

21.     Defendant denies that plaintiff DLI complied with the provisions of the subcontract as alleged.

22.     Defendant denies that plaintiff has fully performed the subcontract and further denies that plaintiff is entitled to payment of the sum alleged.

23. Defendant denies that it has breached its obligations under the subcontract with the plaintiff.

24. Defendant denies the allegations of Paragraph 24 of the Complaint.

## COUNT II

24 (sic). Defendant adopts and incorporates by reference its responses to the allegations of Paragraphs 1 through 24 of the Complaint.

25. Defendant denies that plaintiff DLI supplied valuable labor, materials and equipment for which it is entitled to compensation under Count II.

26. Defendant denies that plaintiff DLI supplied valuable labor, materials and equipment for which it is entitled to compensation under Count II.

27. Defendant denies the allegations of Paragraph 27 of the Complaint.

28. Defendant denies that it has, or had at all times pertinent hereto, an appreciation and/or knowledge of any benefit conferred by plaintiff DLI for which it was entitled to compensation.

29. Defendant denies the allegations of Paragraph 29 of the Complaint.

30. Defendant denies the allegations of Paragraph 30 of the Complaint.

31. Defendant denies that plaintiff DLI is entitled to compensation as alleged in Paragraph 31 of the Complaint.

32. Defendant admits that plaintiff DLI has submitted a claim, but denies that the claim is proper or may be submitted to Centex under the terms of defendant's subcontract with Centex.

33. Defendant denies that it has recovered the sums from Centex as alleged, and further denies that it would be obligated to pay plaintiff if it were to receive such funds.

## COUNT III

34. Defendant adopts and incorporates by reference its responses to the allegations of Paragraphs 1 through 33 of the Complaint.

35-42. The allegations of Paragraphs 34 through 42 of the Complaint pertain to a claim against a defendant other than Allegheny. However, to the extent that such claim implies that defendant is liable to plaintiff for the sums alleged, defendant denies the allegations of this Count.

## COUNT IV

43. Defendant adopts and incorporates by reference its responses to the allegations of Paragraphs 1 through 42 of the Complaint.

44-51. The allegations of Paragraphs 41 through 53 of the Complaint pertain to a claim against a defendant other than Allegheny. However, to the extent that such claim implies that defendant is liable to plaintiff for the sums alleged, defendant denies the allegations of this Count.

## SECOND DEFENSE

The Complaint fails to state a cause of action upon which relief may be granted.

## THIRD DEFENSE

The Complaint is barred in whole or in part by estoppel.

## FOURTH DEFENSE

The Complaint is barred in whole or in part by a failure of consideration.

## FIFTH DEFENSE

The Complaint is barred in whole or in part by illegality.

## SIXTH DEFENSE

The Complaint is barred in whole or in part by plaintiff's own breaches of the subcontract.

## SEVENTH DEFENSE

The Complaint is barred in whole or in part by the doctrine of waiver.

## EIGHTH DEFENSE

Defendant has been directed by the United States Department of Labor to escrow those sums necessary to secure payment by plaintiff to its employees based upon alleged violations of the Davis-Bacon Act. Such escrow funds constitute a valid and subsisting lien on the sums alleged to be owed by defendant to plaintiff.

* * *

WHEREFORE, based upon the foregoing, the defendant Allegheny Jefferson Millwork, LLC respectfully requests that this Honorable Court:

1. Dismiss the Complaint with prejudice;

2. Award the defendant its costs, including attorneys' fees; and

3. Award such other and further relief as this Court deems necessary and proper.

Respectfully submitted,

GAVETT AND DATT, P.C.

BY _____/s/_____
Geoffrey S. Gavett, D.C. Bar No. 375884
15850 Crabbs Branch Way
Suite 180
Rockville, Maryland 20855-2622
(301) 948-1177
**Counsel for Defendant Allegheny Jefferson Millwork, LLC**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing document were electronically filed and electronically served on this 1st day of June, 2006 to:

Shawn C. Whittaker, Esquire                                      **Counsel for Plaintiff**
9011 Comprint Court, Suite 340
Gaithersburg, Maryland 20877
(301) 208-9114


_____/s/_____
Geoffrey S. Gavett

F:\Data\GD\Corporate\Allegeny Jefferson Millwork\pleadings\answer to complaint allegheny.wpd