UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| for the use and benefit of | | |
| D.L.I. INCORPORATED | : | |
| | | |
| Plaintiff | : | |
| | | |
| v. | : | Case No.: 1:06CV00875 |
| | | Judge: Royce C. Lamberth |
| ALLEGHENY JEFFERSON | : | |
| MILLWORK, LLC., et al. | | |
| | : | |
| Defendants | | |

### ANSWER TO COMPLAINT OF DEFENDANT GREAT AMERICAN INSURANCE COMPANY

The defendant, Great American Insurance Company, answers the Complaint in the above-captioned matter as follows:

### FIRST DEFENSE

Responding to the individually enumerated allegations of the Complaint, the defendant states:

1.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1 of the Complaint.

2.  Defendant admits the allegations of Paragraph 2 of the Complaint.

3.  Defendant admits the allegations of Paragraph 3 of the Complaint.

4.  Defendant admits the allegations of Paragraph 4 of the Complaint.

5.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 5 of the Complaint.

6. The allegations of Paragraph 6 of the Complaint set forth jurisdictional allegations to which no response is required. In the alternative, defendant denies these allegations.

7. Defendant incorporates its answers to the preceding allegations as if fully set forth herein.

8-19. The defendant adopts and incorporates by reference the responses to the allegations of Paragraphs 8 through 19 of the Complaint as set forth in the Answer of its principal, Allegheny Jefferson Millwork, LLC.

## COUNT I

20. Defendant adopts and incorporates by reference its responses to the allegations of Paragraphs 1 through 19 of the Complaint.

21-24. The allegations of Count I of the Complaint pertain to a defendant other than this party. Defendant denies that its principal is liable to plaintiff as alleged in Count I, and therefore denies any liability under the terms of its bond.

## COUNT II

24 (sic). Defendant adopts and incorporates by reference its responses to the allegations of Paragraphs 1 through 24 of the Complaint.

25-33. The allegations of Count II of the Complaint pertain to a defendant other than this party. Defendant denies that its principal is liable to the plaintiff as alleged, and therefore denies any liability to the plaintiff under the terms of its bond.

## COUNT III

34. Defendant adopts and incorporates by reference its responses to the allegations of Paragraphs 1 through 33 of the Complaint.

35-42. The allegations of Count III apply to a defendant other than this party. Defendant denies that defendant Travelers is liable to the plaintiff as alleged.

## COUNT IV

43. Defendant adopts and incorporates by reference its responses to the allegations of Paragraphs 1 through 42 of the Complaint.

44. Defendant admits the allegations of Paragraph 44 of the Complaint.

45. Defendant admits the allegations of Paragraph 45 of the Complaint.

46. Defendant admits the allegations of Paragraph 46 of the Complaint.

47. Defendant admits the allegations of Paragraph 47 of the Complaint.

48. Defendant denies that it is liable to remit payment to the plaintiff as the defendant's principal is not liable to the plaintiff.

49. The allegations of Paragraph 49 set forth an allegation as to a conclusion of law, and no response thereto is required. In the alternative, defendant denies these allegations.

50. To the extent that plaintiff's claims arise from the time and materials contract for Floors 2, 3 and 4, defendant contends that plaintiff's claims are untimely.

51. Defendant denies the allegations of Paragraph 51 of the Complaint.

## SECOND DEFENSE

The Complaint fails to state a cause of action upon which relief may be granted.

### THIRD DEFENSE

The Complaint is barred in whole or in part by estoppel.

### FOURTH DEFENSE

The Complaint is barred in whole or in part by a failure of consideration.

### FIFTH DEFENSE

The Complaint is barred in whole or in part by illegality.

### SIXTH DEFENSE

The Complaint is barred in whole or in part by plaintiff's own breaches of the subcontract.

### SEVENTH DEFENSE

The Complaint is barred in whole or in part by the doctrine of waiver.

### EIGHTH DEFENSE

Defendant's principal has been directed by the United States Department of Labor to escrow those sums necessary to secure payment by plaintiff to its employees based upon alleged violations of the Davis-Bacon Act. Such escrow funds constitute a valid and subsisting lien on the sums alleged to be owed by defendant to plaintiff.

\* \* \*

WHEREFORE, based upon the foregoing, the defendant Great American Insurance Company respectfully requests that this Honorable Court:

1. Dismiss the Complaint with prejudice;

2. Award the defendant its costs, including attorneys' fees; and

3. Award such other and further relief as this Court deems necessary and proper.

Respectfully submitted,

GAVETT AND DATT, P.C.

BY  /s/
Geoffrey S. Gavett, D.C. Bar No. 375884
15850 Crabbs Branch Way
Suite 180
Rockville, Maryland 20855-2622
(301) 948-1177
**Counsel for Defendant Great American Insurance Company**

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing document were electronically filed and electronically served on this 1st day of June, 2006 to:

Shawn C. Whittaker, Esquire                              **Counsel for Plaintiff**
9011 Comprint Court, Suite 340
Gaithersburg, Maryland 20877
(301) 208-9114

/s/
Geoffrey S. Gavett

F:\Data\GD\Corporate\Allegeny Jefferson Millwork\pleadings\answer to complaint - great american.wpd