UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| for the use and benefit of | | |
| D.L.I. INCORPORATED | : | |
| | | |
| Plaintiff | : | |
| | | |
| v. | : | Case No.: 1:06CV00875 |
| | | Judge: Royce C. Lamberth |
| ALLEGHENY JEFFERSON | : | |
| MILLWORK, LLC., et al. | | |
| | : | |
| Defendants | | |

## ANSWER TO COMPLAINT OF DEFENDANT TRAVELERS CASUALTY AND SURETY COMPANY

The defendant, Travelers Casualty and Surety Company, answers the Complaint in the above-captioned matter as follows:

### FIRST DEFENSE

Responding to the individually enumerated allegations of the Complaint, the defendant states:

1. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1 of the Complaint.

2. Defendant admits the allegations of Paragraph 2 of the Complaint.

3. Defendant admits the allegations of Paragraph 3 of the Complaint.

4. Defendant admits the allegations of Paragraph 4 of the Complaint.

5. Defendant admits the allegations of Paragraph 5 of the Complaint.

6. The allegations of Paragraph 6 of the Complaint set forth jurisdictional allegations to which no response is required. In the alternative, defendant denies these allegations.

7. Defendant incorporates its answers to the preceding allegations as if fully set forth herein.

8-19. The defendant adopts and incorporates by reference the responses to the allegations of Paragraphs 8 through 19 of the Complaint as set forth in the Answer of defendant, Allegheny Jefferson Millwork, LLC.

## COUNT I

20. Defendant adopts and incorporates by reference its responses to the allegations of Paragraphs 1 through 19 of the Complaint.

21-24. The allegations of Count I of the Complaint pertain to a defendant other than this party. Defendant denies that its principal or its principal's subcontractor is liable to plaintiff as alleged in Count I, and denies any liability therefore under its bond.

## COUNT II

24 (sic). Defendant adopts and incorporates by reference its responses to the allegations of Paragraphs 1 through 24 of the Complaint.

25-33. The allegations of Count II of the Complaint pertain to a defendant other than this party. Defendant denies that its principal or its principal's subcontractor is liable to the plaintiff as alleged, and therefore denies that it is liable to the plaintiff under the terms of its bond.

## COUNT III

34. Defendant adopts and incorporates by reference its responses to the allegations of Paragraphs 1 through 33 of the Complaint.

35. Defendant admits the allegations of Paragraph 35 of the Complaint.

36. Defendant admits the allegations of Paragraph 36 of the Complaint.

37. Defendant admits the allegations of Paragraph 37 of the Complaint.

38. Defendant admits the allegations of Paragraph 38 of the Complaint.

39. Defendant admits the allegations of Paragraph 39 of the Complaint.

40. Defendant admits the allegations of Paragraph 40 of the Complaint.

41. Defendant denies the allegations of Paragraph 41 on the ground that its principal and its principal's subcontractor are not liable to the plaintiff as alleged.

42. Defendant denies that plaintiff is bringing this claim in a timely manner for those claims arising under the time and materials contract for work on the second, third and fourth floors of the Project.

## COUNT IV

43. Defendant adopts and incorporates by reference its responses to the allegations of Paragraphs 1 through 42 of the Complaint.

44-51. The allegations of Paragraphs 44 through 51 of the Complaint pertain to defendants other than this party. To the extent that the allegations of this Count allege liability to plaintiff on the part of the defendant's principal or its subcontractor, defendant denies liability thereunder.

**SECOND DEFENSE**

The Complaint fails to state a cause of action upon which relief may be granted.

**THIRD DEFENSE**

The Complaint is barred in whole or in part by estoppel.

**FOURTH DEFENSE**

The Complaint is barred in whole or in part by a failure of consideration.

**FIFTH DEFENSE**

The Complaint is barred in whole or in part by illegality.

**SIXTH DEFENSE**

The Complaint is barred in whole or in part by plaintiff's own breaches of the subcontract.

**SEVENTH DEFENSE**

The Complaint is barred in whole or in part by the doctrine of waiver.

**EIGHTH DEFENSE**

Defendant Allegheny Jefferson Millwork, LLC has been directed by the United States Department of Labor to escrow those sums necessary to secure payment by plaintiff to its employees based upon alleged violations of the Davis-Bacon Act. Such escrow funds constitute a valid and subsisting lien on the sums alleged to be owed by defendant to plaintiff.

\* \* \*

WHEREFORE, based upon the foregoing, the defendant Travelers Casualty and Surety Company respectfully requests that this Honorable Court:

1. Dismiss the Complaint with prejudice;

2. Award the defendant its costs, including attorneys' fees; and

3. Award such other and further relief as this Court deems necessary and proper.

                Respectfully submitted,

                GAVETT AND DATT, P.C.

BY      /s/
       Geoffrey S. Gavett, D.C. Bar No. 375884
       15850 Crabbs Branch Way
       Suite 180
       Rockville, Maryland 20855-2622
       (301) 948-1177
       **Counsel for Defendant Travelers Casualty and Surety Co.**

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing document were electronically filed and electronically served on this 1st day of June, 2006 to:

Shawn C. Whittaker, Esquire                    **Counsel for Plaintiff**
9011 Comprint Court, Suite 340
Gaithersburg, Maryland 20877
(301) 208-9114

                /s/
                Geoffrey S. Gavett