**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

```
D.L.I. Inc.,                           )
                                       )
        Plaintiff,                     )
                                       )
   v.                                  )    Case No. 1:06CV00875 (RCL)
                                       )
ALLEGHENY JEFFERSON MILLWORK, LLC,     )
     et al.                            )
                                       )
        Defendant(s).                  )
_____)
```

**INITIAL JOINT REPORT TO THE COURT**

D.L.I., Incorporated, by and through counsel Shawn C. Whittaker, and the Defendants Allegheny Jefferson Millwork, LLC & Design, Inc., Fidelity Deposit and Insurance Co., Inc., Great American Insurance Company, and Travelers Casualty and Surety Co, by and through counsel Geoffrey S. Gavett, hereby submit this Initial Report to the Court and state in support thereof as follows:

**A.   SUMMARY OF CASE.**

D.L.I., Inc. (hereinafter "DLI") brought suit for breach of contract and unjust enrichment against Allegheny Jefferson Millwork, LLC (hereinafter "Allegheny") to recover monies allegedly due by Allegheny to DLI for work performed by DLI on the United States District Court for the District of Columbia Project. (hereinafter "Courthouse ProjectF") Additionally, DLI filed claims

INITIAL REPORT - 1                           THE LAW OFFICE OF SHAWN C. WHITTAKER
                                                    9055 Comprint Court – Suite 340
                                                         Gaithersburg, MD 20877
                                                    Tel: 301.208.9114 / Fax: 301.208.0362

on the payment bonds provided by the surety Defendants.  DLI's suit is to recover amounts for work done by DLI on the Courthouse Project.

    **B.**    **MATTERS TO BE DISCUSSED BY THE PARTIES RELATING TO ADR.**

At the parties' meeting required by the Federal Rules and the local rules of this Court, the parties discussed the following matters:

1. Alternative Dispute Resolution (ADR).  The parties discussed ADR and the following issues related to ADR:

    (a) the client's goals in bringing or defending this litigation;

    (b) settlement discussions and the status of those discussions;

    (c) the point during litigation when ADR would be most appropriate, with special consideration given to:

        i. whether ADR should take place after the informal exchange or production through discovery of specific items of information; and

        ii. whether ADR should take place before or after the judicial resolution of key legal issues.

    (d) whether the parties would benefit from a neutral evaluation of their case, which would include suggestions regarding the focus of discovery, the legal merits of the

        claim, an assessment of damages and/or the potential settlement value of the case; and

(e)    whether cost savings or any other practical advantage would flow from a stay of discovery or other pre-trial proceedings while an ADR process is pending.

**The parties agree to non-binding mediation before a mediator appointed by this Court, preferably with experience in the construction field, which is to occur prior to beginning discovery. The parties have agreed to stay discovery for 60 days so that mediation can take place. Additionally, DLI requests that the Court appoint the same mediator to mediate this matter as well as the matter of DLI, Inc. v. Jefferson Millwork & Design, Inc., Case No. 06-874 (RJL), which matter involves a construction project at the International Monetary Fund in the District of Columbia, and involves many of the same parties. The parties stipulate and agree that there is no legal relationship between the project at issue in this matter and the project at issue in Case No. 06-874 (RJL). Assignment to the same magistrate judge is requested only for the convenience of the parties involved in both matters.**

    **C.    FURTHER MATTERS TO BE DISCUSSED BY THE PARTIES.**

        1.    Decisions via dispositive motion: Dispositive motions may resolve some of the issues.

2. Additional parties or amended pleadings. At this juncture, no additional parties need to be joined or the pleadings amended.

3. Magistrate judge. At this point, the parties do not wish this matter to be assigned to a magistrate judge.

4. Chances of settlement. The parties believe that there is a realistic chance of settlement.

5. ADR. As indicated previously, the parties are willing to participate in non-binding mediation, which will occur prior to discovery.

6. Date for dispositive motions. Any dispositive motions are to be filed by April 2, 2007. Oppositions are due by April 19, 2007 and any reply briefs due by May 2, 2007.

7. 26(a) disclosures. The parties agree that the disclosures required by Federal Rule of Civil Procedure Rule 26(a) are waived.

8. Discovery Time Table. The parties propose the close of discovery to be March 1, 2007. Any expert report is to be produced by Plaintiff by November 2, 2006 and by Defendants by December 5, 2006. Depositions are to be completed by March 1, 2007.

9.  Class Action.  This is not a class action and therefore no response is required.

10. Bifurcation of trial.  The trial of this matter need not be bifurcated or managed in phases.

11. Pre-trial Conference.  The date for the pretrial conference should be set by this Court after May 2, 2007.

12. Trial date to be set at pre-trial conference.  The parties recommend that a trial date be set at the pre-trial conference.

Respectfully submitted,

_____
Shawn C. Whittaker
DC Bar #468533
9055 Comprint Court,   Ste. 340
Gaithersburg, MD 20877
(301) 208-9114

Counsel for Plaintiff


_____
Gavett and Datt, PC
Geoffrey S. Gavett, Esq.
DC Bar 375884
15850 Crabbs Branch Way
Rockville, MD 20855
(301)948-1177

Counsel for Defendants