**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>for the use and benefit of<br>D.L.I. INCORPORATED<br><br>       Plaintiff,<br><br>vs.<br><br>ALLEGHENY JEFFERSON MILLWORK, LLC,<br>    et al.<br><br><br>       Defendant(s). | Case No.06cv-875 (RCL) |

**SECOND MOTION TO COMPEL DISCOVERY**

COMES NOW the Plaintiff D.L.I., Inc., by and through counsel Shawn C. Whittaker, and submits this Second Motion to Compel Discovery as to the Defendant Allegheny Jefferson Millwork, LLC (hereinafter "Allegheny") pursuant to Fed. R. Civ. P. 37, and in support thereof states the following:

**I.    INTRODUCTION.**

On September 7, 2006, Plaintiff D.L.I., Inc. (hereinafter "DLI) served discovery requests consisting of Interrogatories and Requests for Production of Documents and Things on the Allegheny. *See Notice of Discovery attached as Exhibit A*. Pursuant to Fed. R. Civ. P. 33, Allegheny had 30 days to respond to the discovery requests, plus 3 days for mailing, causing responses to be due on

MOTION TO COMPEL - 1                                     THE LAW OFFICE OF SHAWN C. WHITTAKER, PC
902 Wind River Lane – Suite 203
Gaithersburg, MD 20878
Tel: 240.477.1677 / Fax: 240.477.1679
shawn@whittaker-law.com

or about October 10, 2006. On December 1, 2006, Plaintiff filed a Motion to Compel Discovery, which is still pending before this Court. On December 18, 2006, Plaintiff received Allegheny's discovery responses. However, Allegheny's responses are deficient. On December 19, 2006, Plaintiff's counsel sent Allegheny's counsel a letter notifying Allegheny that the discovery responses were not adequate, in an attempt to resolve a discovery dispute. *See letter attached as Exhibit B.* Allegheny did not respond to the letter; nor did Allegheny supplement its discovery responses. In Defendant's responses, Defendant attempted to object to interrogatories ten (10), eleven (11), sixteen (16) and twenty-one (21).

**II. ANALYSIS.**

A. **BY FAILING TO TIMELY RESPOND TO DISCOVERY REQUESTS, ABSENT GOOD CAUSE, ALLEGHENY WAIVED ANY OBJECTIONS TO THE DSICOVERY REQUESTS.**

Allegheny objected to interrogatories 10, 11, 16, and 21. *See interrogatory requests attached as Exhibit C. See answers attached as Exhibit C.* However, Allegheny's objections were not timely as Allegheny responded approximately two months after the responses were due. Fed. R. Civ. P. 33(b)(4) is clear that "[a]ny ground not stated in a timely objection is waived unless the party's failure

MOTION TO COMPEL - 2    THE LAW OFFICE OF SHAWN C. WHITTAKER, PC
902 Wind River Lane – Suite 203
Gaithersburg, MD 20878
Tel: 240.477.1677 / Fax: 240.477.1679
shawn@whittaker-law.com

to object is excused by the court for good cause shown." Consequently, unless Allegheny can provide this Court with good cause for not timely objecting to the interrogatories, then Allegheny must respond to interrogatories 4, and 11.

**B. ALLEGHENY FAILED TO PROPERLY RESPOND TO INTERROGATORIES 5, 7, 8, 9, 10, 17, 18, 20, AND 21.**

Allegheny failed to properly answer interrogatories 5, 7, 8, 9, 10, 17, 18, 20, and 21.

**Interrogatory No. 5:** List all payments that you or someone on your behalf made to DLI for performance, labor or materials supplied on the Courthouse Project and include in your answer the date of the payment, the amount of the payment, the work covered by the payment, and the invoice or payment application covered by the payment.

**Response No. 5:** All payment made to DLI on behalf of AJM have been documented in exhaustive detail in the binder of information submitted to AJM's surety, Fidelity & Deposit Company of Maryland, a copy of which has previously been produced to DLI.

**Interrogatory No. 7:** If you or any of your representatives are aware of any conversations or statements made or given by any party or agent of any party to this lawsuit or any witness which relates, directly or indirectly, to any claim and/ or defense involved herein, state the name, address of each and every person involved, directly or indirectly, in the conversation or statement; the date each conversation or statement took place; the name, business and home address, and business and home telephone number of the individual or entity engaging in or making such conversation or statement and the substance of each conversation or statement; if any portion of each conversation or statement identified is in writing or recorded on audio tape or by any other means, describe in writing/ recording in detail, and identify the present custodian of the original writing/ recording.

**Response No. 7:** Any and all conversations or communications as requested in this Interrogatory are referenced in the binder of information prepared by AJM for its surety, Fidelity & Deposit Company of Maryland, a copy of which has previously been produced to DLI.

**Interrogatory No. 8:** Describe in detail any work which DLI was contracted to perform but that was not done or completed by DLI.

**Response No. 8:** As detailed in the binder of information provided to its surety, Fidelity & Deposit Company of Maryland, AJM is making a claim that DLI abandoned the completion of the Project before final punchlists were issued. AJM was required to apply its own labor forces to complete this work under the contract.

**Interrogatory No. 9:** State whether you admit that there is a balance currently owed to DLI on the Courthouse Project, and if your answer is "yes," state the amount that you admit that is owed, and the reasons why that amount has not been paid to DLI.

**Response No. 9:** As documented in the binder of information prepared by AJM for its surety, Fidelity & Deposit Company of Maryland, a copy of which has previously been produced to DLI, there is no balance due to DLI on this project. In fact, DLI owes money to AJM.

**Interrogatory No. 10:** Provide a detailed list of all backcharges or deductive changes issued by DLI on the Courthouse Project, and include in your answer the date of the backcharge or deductive change, the amount of the backcharge or deductive change, the reason for the backcharge or deductive change, how the backcharge or deductive change was documented, the date the backcharge was communicated to DLI, and how the backcharge or deductive change was communicated to DLI.

**Response No. 10:** All backcharges or deductive changes issued to DLI on the Courthouse Project, if any, are fully documented and identified in the binder of information produced by AJM to its surety, Fidelity & Deposit Company of Maryland, a copy of which has previously been produced to DLI.

**Interrogatory No. 17:** List in detail all change orders or additional work instructions issued by Allegheny to DLI on the

Courthouse Project, and include the value of the change order or additional work, the nature of the change order or additional work, whether DLI was paid for the change order or additional work, whether the change order work or other additional work was performed by DLI or accepted by DLI, and whether the change order or additional work instruction was oral or written.

**Response No. 17:** All approved and disputed change orders have been fully itemized and documented in the binder of information assembled by AJM for its surety, Fidelity & Deposit Company of Maryland, a copy of which has been previously submitted to DLI.

**Interrogatory No. 18:** Have all amounts claimed by DLI on the Courthouse Project been submitted to the general contractor by Allegheny, and if your response is "no," state the reason why the amounts have not been submitted to the general contractor.

**Response No. 18:** All approved change orders have been fully itemized and documented in the binder of information assembled by AJM for its surety, Fidelity & Deposit Company of Maryland, a copy of which has been previously submitted to DLI.

**Interrogatory No. 20:** If you dispute or do not accept any of DLI's "field tickets" or "work tickets," state the basis for your non-acceptance or denial, and include in your response a description of each field ticket or work ticket, the date of the field ticket or work ticket which was not accepted, the amount of the field ticket or work ticket.

**Response No. 20:** All disputed field tickets and work tickets are fully itemized and identified in the binder of information assembled by AJM for its surety, Fidelity & Deposit Company of Maryland, a copy of which has been previously submitted to DLI.

**Interrogatory No. 21:** Describe in detail any punch lists that were issued on the Courthouse Project to DLI, and include in your answer the date of the punch list, how the punch list was provided to DLI, any items on the punch list which were not completed on the punch list by DLI, who the items were completed by, the date the items were completed, and the cost of completing each items.

**Response No. 21:** Punch lists issued on the Courthouse Project have been fully detailed in the binder. The total cost to complete this punchlist is set forth therein.

MOTION TO COMPEL - 5              THE LAW OFFICE OF SHAWN C. WHITTAKER, PC
                                          902 Wind River Lane – Suite 203
                                             Gaithersburg, MD 20878
                                       Tel: 240.477.1677 / Fax: 240.477.1679
                                             shawn@whittaker-law.com

Each of the foregoing responses direct Plaintiff to a binder previously produced by Allegheny to its surety prior to the filing of Plaintiff's Complaint.  Fed. R. Civ. P. 33(d) allows an answering party to direct the other party to derive the information from the examination or inspection of the business records of the party upon whom the interrogatory has been served when the burden of deriving or ascertaining the answer is substantially the same for the party serving the interrogatory as for the party served. However, the responses must provide a sufficient answer to such interrogatory to specify the records from which the answer may be derived or ascertained.  "The specification requirement is meant to deter a party whereby a responding party 'avoids answering hard questions' by generic answers or by 'dumping large volumes of unindexed documents' on the party serving the interrogatories." Zuckerman v. Vane, 812 A.2d 942, 946 quoting Saleh v. Moore, 95 F. Supp. 555, 561 (E.D. Va. 2000).

"A specification shall be in sufficient detail to permit the interrogating party to locate and to identify, as readily as can the party served, the records from which the answer may be ascertained."  Fed. R. Civ. P. 33(d).  A party which desires to avail itself of this option must specify where in the records the information can be found.  Rainbow Pioneer No. 44-18-04A v. Hawaii-Nevada Inv. Corp., 711 F.2d 902, 906 (9th Cir. 1983).  Fed. R. Civ.

P. 33(d) "is not a procedural device for avoiding the duty to give information." <u>Walt Disney Co. v. DeFabiis</u>, 168 F.R.D. 281 284 (C>D. Cal. 1996). A party "may not simply refer generically to past or future production of documents. The party must identify in its answers to the interrogatories specifically which documents contain the answer. Otherwise, it must completely answer the interrogatories without referring to the documents." <u>Pulsecard, Inc. v. Discover Card</u>, 168 F.R.D. 295, 305 (D. Kan. 1996).

Allegheny's responses fail to provide the information requested in the interrogatories. The interrogatories inquire as to specific information. In clear contradiction to Fed. R. Civ. P. 33(d), Allegheny's responses direct the examination of a voluminous binder which was prepared for another in response to Plaintiff's bond complaint prior to litigation. The responses do not specify which documents in the binder contain the requested information.

Interrogatory 7 inquires as to conversations or communications relating to claims and defenses. Again, Allegheny generically refers Plaintiff to the previously produced binder. After examination, none of the pages in the binder makes any reference to communications or conversations, the information sought by the interrogatory.

Plaintiff's counsel requested Allegheny to provide page numbers which Allegheny believes contains the requested information. However, Allegheny ignored this request.

MOTION TO COMPEL - 7                    THE LAW OFFICE OF SHAWN C. WHITTAKER, PC
                                                902 Wind River Lane – Suite 203
                                                   Gaithersburg, MD 20878
                                             Tel: 240.477.1677 / Fax: 240.477.1679
                                                   shawn@whittaker-law.com

Undoubtedly, Allegheny has used Fed. R. Civ. P. 33(d) to avoid responding to legitimate discovery requests. As evidence of Plaintiff's contention, Plaintiff invited Allegheny to specify the page numbers where Plaintiff could find the requested information, but Allegheny ignored Plaintiff's invitation. Based on the foregoing analysis, Plaintiff requests this Court to order Allegheny to either specify exactly where the requested information can be found or to properly respond to each interrogatory request.

**C. ALLEGHENY FAILED TO PROPERLY RESPOND TO INTERROGATORY NUMBER 2.**

**Interrogatory No. 2:** List the name, address, business address, business phone number ,and home phone number of every person that you are aware of that has knowledge of the allegations contained in Plaintiff's Complaint, and state the substance of their knowledge.

Allegheny responds by listing the names of 37 individuals or entities. Only three (3) names provide an address. Allegheny provided no phone numbers. Allegheny also failed to provide the substance of the knowledge of any of the listed individuals. As Allegheny failed to provide the information requested, Allegheny's response is deficient.

**D. ALLEGHENY HAS FAILED TO MAKE ITS DOCUMENTS AVAILABLE TO THE PLAINTIFF.**

Allegheny did not produce any documentation with its document responses. The responses state that Allegheny is prepared to make

its entire files available to Plaintiff. On December 19, 2006, Plaintiff's counsel requested Allegheny to provide Plaintiff with a time and place where Allegheny would make the documents available. *See Exhibit A.* Allegheny did not respond to the letter. Despite is representation, Allegheny has failed provide Plaintiff with a date and place where Plaintiff can review Allegheny's documents.

**III. CONCLUSION**

Based upon the foregoing analysis, Plaintiff respectfully requests that this Court to order Allegheny to properly respond to the discovery requests and to provide the information sought by the discovery requests. Additionally, Plaintiff requests its attorneys fees for having to file this Motion.

THEREFORE, Plaintiff D.L.I., Inc. respectfully requests this Court:

(a)   Compel Defendant to respond to Plaintiff's discovery requests; and

(b)   Order Defendant to pay Plaintiff attorneys' fees in the amount of $380.00 ($190.00 X 2 hours) for the filing and presenting of this Motion, and reduce any order to judgment; and

(c)   Award Plaintiff any other remedy this Court deems just and proper.

**U.s.C.S. Fed. R. Civil Rule 37 Certification**

    I hereby certify that I have in good faith unsuccessfully attempted to resolve the discovery dispute which is the subject of this motion, prior to the filing of this motion.


                      Respectfully submitted,


                        _____
                        Shawn C. Whittaker
                        Bar No. #468533
                        902 Wind River Lane, Suite 203
                        Gaithersburg, MD 20878
                        shawn@whittaker-law.com

MOTION TO COMPEL - 10        THE LAW OFFICE OF SHAWN C. WHITTAKER, PC
902 Wind River Lane – Suite 203
Gaithersburg, MD 20878
Tel: 240.477.1677 / Fax: 240.477.1679
shawn@whittaker-law.com