IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

D.L.I. INCORPORATED

    Plaintiff,

vs.

    Civil Case No. 06cv875 (RJL)

ALLEGHENY JEFFERSON MILLWORK, LLC,
et al.

    Defendant(s).

## NOTICE OF DISCOVERY

TO THE CLERK OF SAID COURT:

    PLEASE take notice that on this 7th day of September 2006, Plaintiff served, Discovery consisting of Plaintiff's Interrogatories and Requests for Production of Documents and Things, and Interrogatories on the Defendant Allegheny Jefferson Millwork, LLC.

    Respectfully submitted,

    _____
    Shawn C. Whittaker
    902 Wind River Lane
    Suite 203
    Gaithersburg, MD 20878

NOTICE OF DISCOVERY - 1

THE LAW OFFICE OF SHAWN C. WHITTAKER, PC
902 Wind River Lane – Suite 203
Gaithersburg, MD 20878
Tel: 240.477.167 / Fax: 240.477.1679

PLAINTIFF'S EXHIBIT A

CERTIFICATE OF SERVICE

I HEREBY certify that on this 7th day of September, 2006, a copy of the foregoing Notice was served, on Allegheny Jefferson Millwork, LLC, Fidelity and Deposit Company of Maryland, Great American Insurance Company, Travelers Casualty and Surety, C/O: Geoffrey S. Gavett, Esq., Gavett And Datt, P.C., 15850 Crabbs Branch Way, Suite 180, Rockville, MD 20855.

_____
Shawn C. Whittaker

NOTICE OF DISCOVERY - 2

THE LAW OFFICE OF SHAWN C. WHITTAKER, PC
902 Wind River Lane – Suite 203
Gaithersburg, MD 20878
Tel: 240.477.167 / Fax: 240.477.1679

THE LAW OFFICE OF
# SHAWN C. WHITTAKER, P.C.
SUITE 203
902 WIND RIVER LANE
GAITHERSBURG, MARYLAND 20878
PHONE (240) 477-1677
FAX (240) 477-1679

FILE COPY

SHAWN C. WHITTAKER
ADMITTED IN MD, VA, DC
shawn@whittaker-law.com

JARRETT L. LEVITSKY
ADMITTED IN MD
jarrett@whittaker-law.com

December 19, 2006

Gavett and Datt, PC
Attn: Geoffrey S. Gavett, Esq.
15850 Crabbs Branch Way
Rockville, MD 20855

    **Re:**   **DLI, Incorporated v. Allegheny-Jefferson Millwork, LLC**
             **Courthouse Project**

    Via facsimile and first-class mail

Dear Mr. Gavett:

    Please reference the above-noted matter and your clients' discovery responses. First, your office, although noting the correct address on the front page of the discovery responses, used my old address and fax number. Actually, the certificate of service does not even have my correct former address. Because of the use of the wrong address, I did not receive the discovery responses until December 18, 2006. Please ensure that your records are accurate.

    With regards to the specific responses, the responses are deficient. As you failed to timely respond to the interrogatory requests, your client waived any right to object to the discovery requests, pursuant to Rule 33(b)(4). Therefore, you must respond to interrogatories 4 and 11.

    Additionally, with regards to the specific responses to interrogatories 5, 7, 8, 9, 10, 11, 17, 18, 20, and 21, the responses direct DLI to the binder previously produced by AJM. The rules allow the answering party to direct the other party to derive the information from the examination or inspection of the business records of the party upon whom the interrogatory has been served when the burden of deriving or ascertaining the answer is substantially the same for the party serving the interrogatory as for the party served. However, the responses must provide a sufficient answer to such interrogatory to specify the records from which the answer may be derived or ascertained. A specification shall be in sufficient detail to permit the interrogating party to locate and to identify, as readily as can the party served, the records from which the answer may be ascertained. The answering party may not simply refer generically to past or future production of documents. The party must identify in its answers to the interrogatories specifically which documents contain the answer. Otherwise, it must completely answer



PLAINTIFF'S EXHIBIT B

SHAWN C. WHITTAKER

the interrogatories without referring to the documents. The answer must specify, without qualification, which documents contain the answer.

Some courts have interpreted this requirement to require the answering party to list exact documents or even indicate the page or paragraphs that are responsive to the interrogatory. The specification requirement is meant to deter the practice whereby a responding party avoids answering hard questions by generic answers or by dumping large volumes of unindexed documents on the party serving the interrogatories.

The responses fail to provide the information requested in the interrogatories. The interrogatories ask for specific information. Each response directs the examination of a voluminous binder which was produced in response to DLI's bond complaint prior to litigation. The responses do not specify which documents in the binder contain the requested information. If your client wishes to supplement the responses by providing the page numbers in the binder which it believes contains the requested information, I will examine the binder to see if the pages do respond to the interrogatories. However, as provided, the interrogatory responses do not comply with the rules. Your client simply avoided responding to interrogatories by directing the examination of a binder in each interrogatory.

Based upon the foregoing, I request that your client supplement the specified responses. Please provide the supplemented responses within five (5) days from the date of this letter.

Additionally, pursuant to the document responses, I will inspect AJM's documents during the first week of January. Please let me know when and where the documents will be available. Also, please provide me with available dates for your client's deposition during the 3rd and 4th weeks of January. Please provide me available dates for the document review and depositions within five (5) days from the date of this letter.

Very truly yours,

Shawn C. Whittaker

CC: DLI