UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA :
for the use and benefit of
D.L.I. INCORPORATED :

        Plaintiff :

v. :   Case No.: 1:06CV00875
      Judge: Royce C. Lamberth
ALLEGHENY JEFFERSON :
MILLWORK, LLC., et al.
 :
        Defendants

### ANSWERS TO FIRST SET OF INTERROGATORIES

TO:    D.L.I., Inc., Plaintiff
       c/o Shawn C. Whittaker, Esquire
       The Law Offices of Shawn C. Whittaker, P.C.
       902 Wind River Lane, Suite 203
       Gaithersburg, Maryland 20878

FROM:  Allegheny Jefferson Millwork, LLC, Defendant
       c/o Geoffrey S. Gavett, Esquire
       Gavett and Datt, P.C.
       15850 Crabbs Branch Way, Suite 180
       Rockville, Maryland 20855

    Defendant, Allegheny Jefferson Millwork, LLC, answers plaintiff's First Set of Interrogatories, as follows:

    1.    State fully the name, business address, home address, telephone number, and the position of the person answering these Interrogatories.

    **ANSWER**:  Michael Corrigan, Manager, 44098 Mercure Circle, Suite 115, Sterling, Virginia 20166.



PLAINTIFF'S EXHIBIT C

2. List the name, home address, business address, business phone number, and home phone number of every person that you are aware of that has knowledge of the allegations contained in Plaintiff's Complaint, and state the substance of their knowledge.

**ANSWER**: Michael Corrigan
Robert Burdett
John Ross
Jefferson Millwork & Design, Inc.
44098 Mercure Circle
Suite 115
Sterling, VA 20166

Tim Marechal [address unknown]

Dale Lacy
Donald Johnson
Danny Williams
Francisco Insara
Nestor Gomez
Gerard Walker
Michael Epps
Anthony Terlizi
Richard Gueirmo
Mazikaves Silva
Roger Rodrigues
Juan Hernandez
Edely Ware
Miguel Silva
Jose Samblas
Tuilo Diaz
Eduardo Ferria
Joseff Guzman
Eddie Ware
Walter Filho
Walter Silvera
Mark Szarlip
Franciso Irisara
Pablo Godoy
Jorge Nuslera
DLI, Inc.
1823 Second Avenue North
Lake Worth, FL 33461

Ed Banachoski
Allegheny Millwork, Inc.
104 Commerce Blvd.
Lawrence, PA 15055

Greg King
4102 Riverdale Road
Greensboro, NC 27406

Donald Kelly
25 Johnston Avenue
Kingston, NY 12401

Bruce Dory, Investigator
United States Department of Labor
6525 Bel Crest Road, Suite 560
Hyattsville, MD 20782

Eric Albrecht
GSA Project Manager

Christine S. Kelly
Contracting Officer
Public Building Service, National Capital Region

Bryan Frady
Centex Construction Co.

All individuals listed in "Shalom-Prettyman Payroll" document appearing in Tab 16 of binder of information prepared for Fidelity & Deposit Co. of Maryland, a copy of which has been provided to DLI

    3.    Identify any expert witness you intend to call at trial, a complete statement of all opinions to be expressed and the basis and reasons therefore; the date or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.

ANSWER: No decision has yet been made regarding the identification of expert witnesses in this matter. AJM reserves the right to identify such experts on or prior to the deadline established by the Court's Pretrial Order in this matter.

4. Identify any and all complaints, whether oral or written, and/or alleged deficiencies, whether oral or written, and/or compliments concerning DLI's work or the quality of DLI's work on the Courthouse Project made by you or anyone else or to you, including but not limited to, the date of the communication, the time of the communication, the manner of the communication, the person making the communication, the person to whom the communication was directed, and the substance of the communication.

ANSWER: AJM objects to this Interrogatory on the ground that it seeks discovery of information irrelevant to the matters at issue between the parties. Without waiving objection, AJM states that the controversy between the parties in this matter relates to: (a) DLI's lack of documentation for its extra work order claims; (b) the lien asserted by the United States Department of Labor based upon breaches of the Davis-Bacon Act by DLI and its sub-subcontractors; (c) DLI's scope of work under its base contract versus its scope of work for time and material ticket work.

5. List all payments that you or someone on your behalf made to D.L.I. for performance, labor or materials supplied on the Courthouse Project and include in your answer the date of the payment, the amount of the payment, the work covered by the payment, and the invoice or payment application covered by the payment.

ANSWER: All payments made to DLI on behalf of AJM have been documented in exhaustive detail in the binder of information submitted to AJM's surety, Fidelity & Deposit Company of Maryland, a copy of which has previously been produced to DLI.

6. If you intend to rely on any documents or other tangible things to support a position that you have taken or intend to take in the action, provide a brief description, by category and location, of all such documents or tangible things, and identify all persons having possession, custody, or control of them.

**ANSWER**: AJM reserves the right to rely on each and every document included within its binder of documentation submitted to its surety, Fidelity & Deposit Company of Maryland, a complete copy of which has previously been produced to DLI. AJM further reserves the right to rely on all documents in the AJM's project file and DLI's project file. AJM is in possession of its own project file. DLI is presumed to be in possession of its project file.

7. If you or any of your representatives are aware of any conversations or statements made or given by any party or agent of any party to this lawsuit or any witness which relates, directly or indirectly, to any claim and/or defense involved herein, state the name and address of each and every person involved, directly or indirectly, in the conversation or statement; the date each conversation or statement took place; the name, business and home address, and business and home telephone number of the individual or entity engaging in or making such conversation or statement and the substance of each conversation or statement; if any portion of each conversation or statement identified is in writing or recorded on audio tape or by any other means, describe in writing/recording in detail, and identify the present custodian of the original writing/recording.

**ANSWER**: Any and all conversations or communications as requested in this Interrogatory are referenced in the binder of information prepared by AJM for its surety, Fidelity & Deposit Company of Maryland, a copy of which has previously been produced to DLI.

8. Describe in detail any work which DLI was contracted to perform but that was not done or completed by D.L.I.

**ANSWER**: As detailed in the binder of information provided to its surety, Fidelity & Deposit Company of Maryland, AJM is making a claim that DLI

abandoned the completion of the Project before final punchlists were issued. AJM was required to apply its own labor forces to complete this work under the contract.

9. State whether you admit that there is a balance currently owed to D.L.I. on the Courthouse Project, and if your answer is "yes," state the amount that you admit that is owed, and the reasons why that amount has not been paid to D.L.I.

ANSWER: As documented in the binder of information prepared by AJM for its surety, Fidelity & Deposit Company of Maryland, a copy of which has previously been produced to DLI, there is no balance due to DLI on this project. In fact, DLI owes money to AJM.

10. Provide a detailed list of all backcharges or deductive changes issued by D.L.I. on the Courthouse Project, and include in your answer the date of the backcharge or deductive change, the amount of the backcharge or deductive change, the reason for the backcharge or deductive change, how the backcharge or deductive change was documented, the date the backcharge or deductive change was communicated to D.L.I., and how the backcharge or deductive change was communicated to D.L.I.

ANSWER: All backcharges or deductive changes issued to DLI on the Courthouse Project, if any, are fully documented and identified in the binder of information produced by AJM to its surety, Fidelity & Deposit Company of Maryland, a copy of which has previously been produced to DLI.

11. List the dates on which D.L.I. was scheduled to begin and end work on the Courthouse Project, and identify the source for such dates.

ANSWER: AJM objects to this interrogatory on the ground that there is no claim for delay pending between the parties.

12. List all costs and other damages that Allegheny has incurred due to the fault of D.L.I., and the reasons for such costs and damages.

ANSWER: All costs and damages incurred by AJM are fully documented in the binder of information produced by AJM to its surety, Fidelity & Deposit Company of Maryland, a copy of which has previously been produced to DLI.

13. List in detail any amounts that have not yet been paid to D.L.I., and list the reasons for such non-payment.

ANSWER: AJM has not yet been paid for the remaining balance of its contract on this project. However, if payment is released, an amount sufficient to pay the United States Department of Labor lien for the violations of the Davis-Bacon Act by DLI and its sub-subcontractors will be escrowed pending the outcome of this litigation. Based upon the most recent information supplied by the Department of Labor, this lien comes to a figure of $196,509.99. There are no other approved balances, paid or unpaid, due to DLI that would exceed the value of the backcharge relating to the Davis-Bacon claim.

14. List any and all defenses that you intend to raise against D.L.I.'s claim.

ANSWER: AJM adopts and incorporates by reference its affirmative defenses plead in its Answer to Complaint. AJM further reserves the right to assert: (a) that DLI has failed to adequately document its claim; (b) that the contract balance owed to DLI is subject to setoff or backcharge for the amount of the United States Department of Labor lien for the violations of the Davis-Bacon Act by DLI and its sub-subcontractors; (d) that DLI has been paid in full for all work that has been adequately documented and approved; and (d) DLI is subject to backcharge for the cost to complete the punchlist portion of the Project.

15. Are you currently involved in any legal proceedings as a result of this Project, and if yes, state the nature of the proceedings, the state of the proceedings, the parties to the proceedings, the case number, and the court or forum in which such proceeding is pending.

**ANSWER**: Other than this litigation, none.

16. State whether at any time Allegheny agreed to pay any amounts to the Department of Labor as a result of a wage claim, or to pay any party as a result of the claim, and if your answer is "yes," state the amount that Allegheny agreed to pay and the date that you agreed to pay the amount of the wage claim.

**ANSWER**: **In lieu of withholding by the GSA or Centex, AJM has been required to escrow the sum of $196,509.99. DLI and its sub-subcontractors have been asked to approve this payment in writing. Both of DLI's sub-subcontractors has agreed to the deduction, but DLI has thus far refused to terminate this controversy.**

17. List in detail all change orders or additional work instructions issued by Allegheny to D.L.I. on the Courthouse Project, and include the value of the change order or additional work, the nature of the change order or additional work, whether D.L.I. was paid for the change order or additional work, whether the change order work or other additional work was performed by D.L.I. or accepted by D.L.I., and whether the change order or additional work instruction was oral or written.

**ANSWER**: **All approved and disputed change orders have been fully itemized and documented in the binder of information assembled by AJM for its surety, Fidelity & Deposit Company of Maryland, a copy of which has been previously submitted to DLI.**

18. Have all amounts claimed by D.L.I. on the Courthouse Project been submitted to the general contractor by Allegheny, and if your response is "no," state the reason why the amounts have not been submitted to the general contractor.

**ANSWER**: All approved change orders have been fully itemized and documented in the binder of information assembled by AJM for its surety, Fidelity & Deposit Company of Maryland, a copy of which has been previously submitted to DLI.

19. State the total amount billed by Allegheny to the general contractor and the total amount paid by the general contractor to Allegheny.

**ANSWER**: There are two distinct contract amounts at issue in this project. With respect to the time and materials portion of the contract, AJM has been paid $2,131,433. With respect to the lump sum portion of the work, AJM has been paid $6,180,856.

20. If you dispute or do not accept any of D.L.I.'s "field tickets" or "work tickets," state the basis for your non-acceptance or denial, and include in your response a description of each field ticket or work ticket, the date of the field ticket or work ticket which was not accepted, the amount of the field ticket or work ticket.

**ANSWER**: All disputed field tickets and work tickets are fully itemized and identified in the binder of information assembled by AJM for its surety, Fidelity & Deposit Company of Maryland, a copy of which has been previously submitted to DLI.

21. Describe in detail any punch lists that were issued on the Courthouse Project to D.L.I., and include in your answer the date of the punch list, how the punch list was provided to D.L.I., any items on the punch list which were not completed on the punch list by D.L.I., who the items were completed by, the date the items were completed, and the cost of completing each items.

ANSWER: Punch lists issued on the Courthouse Project have been fully detailed in the binder. The total to cost to complete this punchlist is set forth therein.

22. State whether D.L.I. agreed to pay any legal fees, including legal fees to Thelen, Reid, incurred by Allegheny, and include in your answer, who agreed to pay the fees, when D.L.I. agreed to pay the fees, and the manner in which D.L.I. agreed to pay the fees.

ANSWER: DLI never specifically agreed to pay such fees, but DLI received the benefit of this work and used the work product of Thelen Reid for its own benefit. In addition, DLI is liable under Paragraph 21 of the parties Subcontract for attorneys' fees arising out of breaches of the contract between the parties. AJM contends that failure of DLI to comply with Davis-Bacon requirements constitutes a breach of the subcontract. The fees incurred with Thelen Reid constitute reasonable fees of counsel incurred to address the allegations of Davis-Bacon violations.

I SWEAR UNDER THE PENALTIES OF PERJURY THAT THE STATEMENTS CONTAINED IN THE FOREGOING ANSWERS TO INTERROGATORIES ARE TRUE TO THE BEST OF MY KNOWLEDGE, INFORMATION AND BELIEF.

_____
Michael Corrigan, President
Allegheny Jefferson Millwork, LLC

Respectfully submitted,

GAVETT AND DATT, P.C.


BY_____
Geoffrey S. Gavett
DC Bar No. 375884
15850 Crabbs Branch Way
Suite 180
Rockville, Maryland 20855-2622
(301) 948-1177
**Counsel for Defendants**

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing document was mailed on this _____ day of _____, 2006 to:

Shawn C. Whittaker, Esquire                     **Counsel for Plaintiff**
9011 Comprint Court, Suite 340
Gaithersburg, Maryland 20877
(301) 208-9114


Geoffrey S. Gavett

F:\Data\GD\Corporate\428.001\pleadings\AJM Answers to Interrogatories.doc

I SWEAR UNDER THE PENALTIES OF PERJURY THAT THE STATEMENTS CONTAINED IN THE FOREGOING ANSWERS TO INTERROGATORIES ARE TRUE TO THE BEST OF MY KNOWLEDGE, INFORMATION AND BELIEF.

_/s/ Michael Corrigan_   12/11/06
Michael Corrigan, Manager
Allegheny Jefferson Millwork, LLC

Respectfully submitted,

GAVETT AND DATT, P.C.

BY _/s/ Geoffrey S. Gavett_
Geoffrey S. Gavett
DC Bar No. 375884
15850 Crabbs Branch Way
Suite 180
Rockville, Maryland 20855-2622
(301) 948-1177
**Counsel for Defendants**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing document was e-mailed, transmitted by facsimile and mailed on this 12th day of December, 2006 to:

Shawn C. Whittaker, Esquire            **Counsel for Plaintiff**
9011 Comprint Court, Suite 340
Gaithersburg, Maryland 20877
(301) 208-9114

_/s/ Geoffrey S. Gavett_
Geoffrey S. Gavett