UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA<br>for the use and benefit of<br>D.L.I. INCORPORATED | : | |
| Plaintiff | : | |
| v. | : | Case No.: 1:06CV00875<br>Judge: Royce C. Lamberth |
| ALLEGHENY JEFFERSON<br>MILLWORK, LLC., et al. | : | |
| Defendants | : | |

**OPPOSITION TO "SECOND" MOTION TO COMPEL DISCOVERY**

Defendant Allegheny Jefferson Millwork, LLC ("AJM"), submits this Opposition to the Plaintiff's "Second" Motion to Compel Discovery. As grounds for its opposition, AJM states:

1. <u>Waiver of Objection</u>. Plaintiff contends AJM should be required to answer Interrogatories 4 and 11 because AJM's objections to these interrogatories were untimely. A review of the substance of these interrogatories and AJM's answers thereto reveal that plaintiff's contentions are frivolous. For example, with respect to Interrogatory No. 4, plaintiff inquired whether there were any communications relating to the quality of plaintiff's work on the construction project in question. AJM's response is to make clear that the quality of plaintiff's work is not the reason plaintiff is not getting paid in this matter. Likewise, in response to Interrogatory No. 11, AJM makes clear that there is no delay claim pending between the parties. AJM's objections and responses have the net effect of narrowing the

issues of fact between the parties relating to the issue of why plaintiff is not getting paid what it is claiming on this project. Further, AJM's answer to Interrogatory No. 4 makes clear what is at issue between the parties. The net effect of plaintiff's motion with respect to these interrogatories is to argue that AJM should be required to provide discovery with respect to matters that are not at issue. Certainly, plaintiff has not explained to the Court why these interrogatories seek relevant information.

2. <u>Reference to Other Materials</u>. Plaintiff complains that AJM has improperly made reference to documents in the context of its Answers to Interrogatory Nos. 5, 7, 8, 9, 10, 17, 18, 20, and 21. In the context of those Answers, AJM made reference to a binder of materials that had been assembled by AJM in response to the claim made by the plaintiff to its bonding companies. The binder prepared by AJM is extremely detailed, cross referenced, and orderly. The binder referenced in the Answers is well over 300 pages thick.[1] A Table of Contents for this binder is attached as Exhibit A to this Opposition. As reflected in the Table of Contents, AJM has provided information and documentation as to: (a) an accounting reconciliation of the project; (b) allocation of field tickets among approved and unapproved categories of work; (c) information relating to the Department of Labor; (d) back charges to plaintiff relating to the project. The reference to the binder of information is therefore far from a situation in which plaintiff is left to sort among files cabinets or storage boxes of

---

[1] AJM has not attached the binder itself to this Opposition in the interest of avoiding the imposition of burden on the Court's record. However, if the Court desires to see the document production, AJM is prepared to produce it to the Court in hard copy form.

paper. In essence, to borrow a sports analogy, plaintiff has been provided with AJM's complete "playbook" on the matters in dispute between the parties. Plaintiff's motion to compel seeks to require plaintiff to regurgitate into the format of Answers to Interrogatories the already documented and referenced in the binder.

     3.    <u>Identification of Witnesses</u>. Plaintiff complains that AJM has failed to provide complete information regarding the addresses and/or telephone numbers of various witnesses. Plaintiff's contention is without merit. Twenty five of the 37 individuals identified <u>are employees of the plaintiff</u>. Their names were derived from field tickets and payroll reports submitted by plaintiff. The only address for these witnesses known to AJM is the plaintiff's address. Five individuals are current or former employees of AJM[2]. AJM's answer provides the current business address of four employees. With respect to the fifth, Tim Marechal, AJM has indicated that Mr. Marechal's address is unknown. Two individuals, Greg King and Donald Kelly, were employed by sub-subcontractors to plaintiff. Their names and addresses are only know to AJM as a result of the Department of Labor investigation conducted on plaintiff. AJM has no greater access to information about their whereabouts than plaintiff. Three other individuals are United States government officials whose names appear on

---

[2] AJM is a limited liability company formed by Allegheny Millwork, Inc. and Jefferson Millwork & Design, Inc. for the purposes of performing the work on the project at issue in this case. Thus, the addresses for each of these individuals differs depending on their affiliation.

documents relating to this case. Finally, Brian Frady of Centex Construction is known to plaintiff as their counsel was in Mr. Frady's offices as recently as two to three weeks ago.

    4.    <u>Document Inspection</u>.  It is true that plaintiff's counsel asked to examine AJM's files documents in the letter of plaintiff's counsel dated December 19. While counsel for AJM did not respond in writing at the time, several conversation where conducted between counsel for the parties since December 19. When the topic of document production arose, counsel for plaintiff was invited to provide dates on which he wanted to conduct a document inspection at the offices of Jefferson Millwork & Design, Inc. in Sterling, Virginia. No dates for an inspection were provided by counsel for plaintiff. As recently as Thursday, January 25, counsel for plaintiff was again invited via e-mail to provide dates on which he wished to conduct a document inspection. No dates have been forthcoming. It should be noted that AJM and plaintiff did participate in a document production by Centex Construction, the general contractor for the project in question, on January 12. Documents were designated and selected at that time for production.

* * *

Plaintiff's "Second Motion to Compel" is largely an exercise in nitpicking. Plaintiff has been given all of the information it seeks in a format that is easily intelligible. There is no reason to further burden the discovery process with unnecessary expense and documentation. Plaintiff has it all.

WHEREFORE, AJM respectfully requests that this Court deny plaintiff's "Second Motion to Compel" as being without merit.

>Respectfully submitted,
>
>GAVETT AND DATT, P.C.
>
>BY       /s/
>Geoffrey S. Gavett, D.C. Bar No. 375884
>15850 Crabbs Branch Way
>Suite 180
>Rockville, Maryland 20855-2622
>(301) 948-1177

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing document was electronically sent on this 29th day of January, 2007 to:

Shawn C. Whittaker, Esquire                                         **Counsel for Plaintiff**
The Law Office of Shawn C. Whittaker, P.C.
902 Wind River Lane, Suite 203
Gaithersburg, Maryland 20878

>       /s/
>Geoffrey S. Gavett

F:\Data\GD\Corporate\428.001\pleadings\Opposition to Second Motion to Compel.wpd

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| for the use and benefit of | | |
| D.L.I. INCORPORATED | : | |
| | | |
| Plaintiff | : | |
| | | |
| v. | : | Case No.: 1:06CV00875 |
| | | Judge: Royce C. Lamberth |
| ALLEGHENY JEFFERSON | : | |
| MILLWORK, LLC., et al. | | |
| | : | |
| Defendants | | |

## ORDER

UPON CONSIDERATION OF the plaintiff's Second Motion to Compel, and the Opposition thereto of the defendant Allegheny Jefferson Millwork, LLC, it is this _____ day of _____, 2007

ORDERED, that the plaintiff's Second Motion to Compel is hereby <u>denied</u>.

                                                       Royce C. Lamberth, Judge
                                                       United States District Court for the
                                                       District of Columbia

cc:    Shawn C. Whittaker, Esquire
        The Law Office of Shawn C. Whittaker, P.C.
        902 Wind River Lane, Suite 203
        Gaithersburg, Maryland 20878

        Geoffrey S. Gavett
        Gavett and Datt, P.C.
        15850 Crabbs Branch Way
        Suite 180
        Rockville, MD 20855