

# U.S. Department of Labor
## Office of Administrative Law Judges



www.oalj.dol.gov

Searcl

Find It! on DOL | OALJ Home | OALJ Law Library | About Us | Printer F

July 27, 2007    DOL Home > OALJ Home > USDOL/OALJ Reporter

# USDOL/OALJ Reporter

**CHERRY HILL CONSTRUCTION, INC., WAB No. 85-27 (WAB Oct. 2, 1987))**

CCASE:
CHERRY HILL CONSTRUCTION, INC.
DDATE:
19871002
TTEXT:

~1

[1]         WAGE APPEALS BOARD
      UNITED STATES DEPARTMENT OF LABOR
            WASHINGTON, D.C.

In the Matter of

CHERRY HILL CONSTRUCTION, INC.,        WAB Case No. 85-27
Formerly, Cherry Hill Sand &
Gravel Co., Inc.              Dated: October 2, 1987
Baltimore, MD


APPEARANCES:   Ralph Arnsdorf, Esquire, for Cherry Hill
         Construction, Inc.

         Ford Newman, Esquire, and Douglas Davidson, Esquire,
         for the Administrator, Wage and Hour Division, U.S.
         Department of Labor

BEFORE:    Alvin Bramow, Chairman, Thomas X. Dunn, Member and
         Stuart Rothman, Member

         DECISION OF THE WAGE APPEALS BOARD

   This case is before the Wage Appeals Board on the petition of
Cherry Hill Construction, Inc., (hereinafter Cherry Hill or
Petitioner) formerly Cherry Hill Sand & Gravel Co., Inc., seeking
review of the Wage and Hour Assistant Administrator's decision of
November 20, 1986. On August 29, 1985 the Department of Housing
and Urban Development (hereinafter DHUD) issued a ruling that
Cherry Hill must pay its laborers working on the Allendale Housing

**EXHIBIT 17**

Project for the elderly in Baltimore, Maryland, at the building construction wage rates instead of the heavy construction wage rates. Cherry Hill appealed this ruling to the Wage and Hour Division which affirmed DHUD's decision of August 29, 1985. On December 30, 1986, Cherry Hill then appealed Wage and Hour's decision to the Wage Appeals Board [1]

~2
[2]. The facts in this appeal are not in dispute. Petitioner Cherry Hill subcontracted to perform excavation grading, site utilities and construction of a retaining wall to the prime contractor, Thomas P. Harkins Inc., in connection with the construction of the Allendale Housing Project in 1984. The wage decision applicable to the project and provided to Thomas P. Harkins Inc. contained both "building construction" and "heavy construction" wage rate schedules. Thomas P. Harkins Inc. was advised at a preconstruction conference by representatives of both DHUD and the City of Baltimore (which was the ultimate owner of the project) that only "building construction" wage rates were to be paid on the contract for the housing project.

Petitioner claims that in its bid to the prime contractor for the subcontract, it utilized only the "heavy construction" wage rates from the wage determination to prepare its bid to Harkins.

Subsequently, on October 8, 1984 after the start of construction, Harkins provided petitioner with a list of the wage rates applicable to the project which contained only building construction wage rates and specifically excluded the heavy construction wage rates for laborers. Petitioner responded to the prime contractor that it considered that it was in compliance with all of the wage rates contained in the list with the exception of the laborer's classification. Petitioner continued to complete its contract using the "heavy construction" wage rate for laborers.

Harkins again informed petitioner that its laborers should have been paid the building rather than the heavy construction wage rates and provided petitioner with a schedule of reimbursement for each employee as a result of the underpayments. [2]

~3
[3] Petitioner challenged the prime contractor's determination of wages due to the laborers, first to DHUD and then to the Wage and Hour Division. In both instances, petitioner was told that the building wage rates were those which should have been paid on the Allendale Housing Project. The Wage and Hour Assistant Administrator also advised petitioner that the prime contractor had the responsibility of relaying the applicable wage rate information to the subcontractor and to monitor the subcontractor's performance to insure that it was abiding by the proper wage rates. This the prime contractor did.

The City of Baltimore has withheld from Harkins funds sufficient to cover the back wages computed to be due the laborers employed by Cherry Hill.

It is the petitioner's position that DHUD's failure to specify in the contract documents that the building construction wage rates applied to all work at the project and the prime contractor's failure to relay this information to Cherry Hill relieves Cherry Hill from the responsibility of paying its laborers the building construction wage rates on their contract at the housing project.

The Wage Appeals Board considered this appeal on the basis of the Petition for Review, a Reply Memorandum filed by Cherry Hill, the Statement for the Administrator and the record of the appeal before the Wage and Hour Division filed by the Solicitor of Labor, plus an oral hearing [] held by the Wage Appeals Board on September 18, 1987 at which all interested persons were present and participated.

\* \* \*

There are two issues for the Board to decide in this case. First, whether the government is properly withholding monies from Thomas P. Harkins Inc., prime contractor, to pay the underpaid employees of the petitioner, and secondly, under the facts of this case, whether the petitioner is responsible [3]

~4
[4] to reimburse its laborers at the applicable wage determination wage rate for building construction.

There is no question that the record supports the fact that the project, the Allendale Housing Project for the elderly, is subject to the labor standards provisions of the U.S. Housing Act of 1937, as amended, [42] U.S.C. 1437j. In fact, at the hearing counsel for petitioner indicated that the labor standards provisions were in the contract specifications and the Board was presented with a copy of the wage rates contained therein. Furthermore, counsel conceded that the building construction wage rates were applicable to the work and that petitioner's laborers were underpaid.

The Department of Labor Regulations at 29 CFR sec. 5.5(a)(2) provide in pertinent part as follows:

(2) Withholding The (write in name of Federal Agency or loan or grant recipient) shall upon its own action or upon written request of an authorized representative of the Department of Labor withhold or cause to be withheld from the contractor under this contract or any other Federal contract with the same prime contractor, or any other federally-assisted contract subject to Davis-Bacon prevailing wage requirements, which is held by the same prime contractor, so much of the accrued payments or advances as may be considered necessary to pay laborers and mechanics, including apprentices, trainees and helpers, employed by the contractor or any subcontractor the full amount of wages required by the contract. In the event of failure to pay any laborer or mechanic, including any apprentice, trainee,

or helper, employed or working on the site of the work
(or under the United States Housing Act of 1937 or under
the Housing Act of 1949 in the construction or development
of the project), all or part of the wages required by the
contract, the (Agency) may, after written notice to the
contractor, sponsor, applicant, or owner, take such action
as may be necessary to cause the suspension of any further
payment, advance, or guarantee of funds until such violations
have ceased.

In view of the above, the monies are rightfully being
withheld from the prime contractor to satisfy the back wages due
employees of the petitioner.

The petitioner requests that because it was not informed of
the appropriate wage rates to be paid by either DHUD or the prime
contractor, it is not [4]

~5
[5] responsible for the underpaid wages and it should be paid in full.
Petitioner cites 29 CFR sec. 1.6(b) as the authority for its contention.

Petitioner contends that it is not the responsibility of
subcontractors when submitting their proposals to prime contractors
to determine whether the predetermined building wage schedule or
heavy and highway schedule is the one that applies to the
particular project. Petitioner contends that it is the
responsibility of the government agency to select and to notify
even subcont[]ractors which of the published schedules, building or
heavy, or heavy-highway, apply to a particular project. This is
not so. Under the applicable rules and regulations, 29 CFR sec.
1.6(b) and sec. 5.13, procedures are provided in the case in which
a bidding contractor has any doubt with respect to the way in which
the Davis-Bacon Act and wage determinations will be applied. Not
only is the petitioner an experienced Davis-Bacon Act contractor,
but the prime contractor, also experienced in Davis-Bacon Act
matters, duly and properly informed the petitioner which wage rate
schedule was to be applied.

Following the ordinary way and procedures in the construction
industry where the Davis-Bacon Act applies, the bidding contractors
must assume the responsibility for determining under local
prevailing conditions whether the project is classified as building
construction or heavy or highway. Normally there is no doubt.
Normally, further, there is no doubt in the course of Davis-Bacon
Act application that once it is determined that the building wage
rate schedule applies to the project under a single contract award,
as is the case here, the selective use of a lower heavy or highway
rate for a particular craft or class is contrary to the Act. Few
Davis-Bacon Act precepts are more fundamental than this.

In All Phase Electric Company, WAB Case No. 85-18 (June 18,
1986), the Board was confronted with a similar situation. In that
case the subcontractor [5][

~6

[6] was not informed by the prime contractor of the applicability of the Davis-Bacon requirements. The Board held that the question of whether the monies due the underpaid employees should be paid by the prime contractor directly and not from funds retained from petitioner was not a proper subject for the Board to decide. The Board reaffirms that holding.

   Therefore, the final ruling of the Assistant Administrator is affirmed and the petition herein is dismissed.

                    BY ORDER OF THE BOARD


                    Craig Bulger,
                    Executive Secretary
                    Wage Appeals Board [6]

**Back to Top**                                    www.oalj.dol.gov

---

**Frequently Asked Questions** | **Freedom of Information Act** | **Customer Survey** |
**Information Quality Guidelines** |
**Privacy and Security Statement** | **Disclaimers** | **E-mail to a Friend**

---

**U.S. Department of Labor**                                                 1-
Office of Administrative Law Judges                                          TTY:
800 K Street, NW, Suite 400N
Washington, DC 20210