


**U.S. Department of Labor**
Office of Administrative Law Judges

www.oalj.dol.gov   Search

Find It! on DOL | OALJ Home | OALJ Law Library | About Us | Printer F

July 27, 2007    DOL Home > OALJ Home > USDOL/OALJ Reporter

# USDOL/OALJ Reporter

## ALL PHASE ELECTRIC CO., WAB No. 85-18 (WAB June 18, 1986)

CCASE:
ALL PHASE ELECTRIC COMPANY
DDATE:
19860618
TTEXT:

~1

[1]     WAGE APPEALS BOARD
        UNITED STATES DEPARTMENT OF LABOR
             WASHINGTON, D. C.

In the Matter of

ALL PHASE ELECTRIC COMPANY          WAB Case No. 85-18
Contract No. DTFR-53-81-C-00233
Railroad Station Renovation         Dated: June 18, 1986
Trenton, New Jersey

APPEARANCES:  Jonas Singer, Esquire, for All Phase Electric Company

        Douglas J. Davidson, Esquire for the Wage and Hour
        Division, U.S. Department of Labor

BEFORE:    Alvin Bramow, Chairman, Thomas X Dunn, Member, and
           Stuart Rothman, Member

            DECISION OF THE WAGE APPEALS BOARD

   This case is before the Wage Appeals Board on the petition of
subcontractor All Phase Electric Company, (hereinafter All Phase)
seeking review of a ruling issued by the Director of the Division
of Contract Standards Operations, Wage and Hour Division, dated
July 12, 1985. This ruling held that employees of a subcontractor
performing work required by the prime contract subject to the
Davis-Bacon labor standards provisions are entitled to the required
prevailing wage rates regardless of whether or not the prime
contractor informed the subcontractor of the applicability of the
Davis-Bacon requirements, and that any claim by the subcontractor

**EXHIBIT 18**

against a prime contractor for damages due to its not [1]

~2
[2] being informed of the Davis-Bacon requirements are not an appropriate subject for a Department of Labor proceeding.

    The facts concerning this appeal are not complicated. In July, 1981, an agency of the U.S. Department of Transportation awarded a prime contract of almost $1 million to the Kem-Her Construction Co., Inc., to renovate the Trenton, New Jersey, railroad station. Kem-Her subcontracted the electrical portion of the prime contract to All Phase.

    An investigation by the Wage and Hour Division revealed that due to various labor standards violations by All Phase on the project back wages and overtime payments of about $18,875 were due some of All Phase's employees.

    At a conference which All Phase's owner attended, it was claimed that Kem-Her had not advised All Phase that the contract was subject to the Davis-Bacon labor standards provisions. The prime contractor and the contracting officer disputed the subcontractor[']s claim that it was unaware of the Davis-Bacon requirement, but the prime contractor agreed to make full restitution for all violations committed by All Phase.

    As a result of documentation provided by Kem-Her the back wages and overtime payments due All Phase's employees [were] reduced to about $13,683. Although counsel for Kem-Her authorized the release of this amount to the Department of Labor for disbursement to employees, All Phase objected to the turnover of the withheld funds and requested a hearing. [2]

~3
[3] In its July 12, 1986 ruling, Wage and Hour refused All Phase's request that an administrative hearing be held because it was ruled that there were no relevant facts at issue, that is, All Phase was not contesting the amount of the back wages and overtime compensation which had been determined to be due by the Wage and Hour Division. Wage and Hour also ruled that the dispute between Kem-Her and All Phase as to which firm was liable to pay the underpayments was a matter to be decided in another forum and that such a claim was not a proper subject of a Department of Labor administrative proceeding.

    On August 12, 1985, All Phase appealed Wage and Hour's ruling to the Wage Appeals Board. The Board considered this appeal on the basis of a Petition for Review filed by petitioner, and a Statement for the Assistant Administrator and the record of the case before the Wage and Hour Division filed by the Solicitor of Labor. On May 28, 1986 an oral hearing was held by the Board at which all interested persons were present and participated.

            \*    \*    \*

    The issue for the Board to decide is whether the Government is

properly withholding monies from Kem-Her Construction Co., Inc., the prime contractor, to pay the underpaid employees of the petitioner.

There is no question that the record supports the fact that the project, the railroad station renovation, is subject to the Davis-Bacon labor standards. In fact, at the hearing [3]

~4
[4] counsel for petitioner agreed that this project was covered by such labor standards and that the petitioner's employees were entitled to be paid accordingly. Furthermore, counsel conceded that petitioner's employees were underpaid.

The Davis-Bacon Act, as amended, 40 U.S.C. 276a, et seq., provides in pertinent part that:

> . . . there may be withheld from the [*] contractor [*] so much of accrued payments as may be considered necessary by the contracting officer to pay to laborers and mechanics employed by the [*] contractor or any subcontractor [*] on the work the difference between the rates of wages required by the contract to be paid laborers and mechanics on the work and the rates of wages received by such laborers and mechanics. . . . [*] (Emphasis added.) [*]

The Contract Work Hours and Safety Standards Act, 40 U.S.C. 327, et seq., contains a similar withholding provision at Section 102(b)(2).

In view of the above, the monies are rightfully being withheld from the prime contractor to satisfy the back wages due employees of the petitioner.

The petitioner further requests this Board to rule that the monies due the underpaid employees should be paid by the prime contractor directly and not from funds retained from petitioner. This matter does not appear to be a proper subject for the Board to decide.

The petitioner also raises a number of other contentions of error by the Wage and Hour Division. Due to the disposition of the basic issue as herein described, it is unnecessary for [4]

~5
[5] the Board to examine these other alleged errors.

Therefore, the decision of the Director, Division of Contract Standards Operations, is affirmed and the petition herein is dismissed.

BY ORDER OF THE BOARD

Craig Bulger,
Executive Secretary

Wage Appeals Board [5]

▲ Back to Top  www.oalj.dol.gov

Frequently Asked Questions | Freedom of Information Act | Customer Survey | Information Quality Guidelines | Privacy and Security Statement | Disclaimers | E-mail to a Friend

**U.S. Department of Labor**
Office of Administrative Law Judges
800 K Street, NW, Suite 400N
Washington, DC 20210

1-
TTY: