IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>for the use and benefit of<br>D.L.I. INCORPORATED<br><br>       Plaintiff,<br><br>vs.<br><br>ALLEGHENY JEFFERSON MILLWORK, LLC,<br>    et al.<br><br>       Defendant(s). | Case No.06cv-875 (RCL) |

**OPPOSITION TO DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT AND PLAINTIFF'S COUNTER-MOTION FOR PARTIAL SUMMARY JUDGMENT**

Now comes the Plaintiff D.L.I. Incorporated (hereinafter "DLI"), by and through counsel Shawn C. Whittaker, and submits this Opposition to Defendants' Motion for Partial Summary Judgment and Plaintiff's Counter-Motion for Partial Summary Judgment and in support thereof states the following:

**I.   INTRODUCTION.**

DLI's claims arise from an agreement with Allegheny Jefferson Millwork, LLC (hereinafter "AJM") to construct improvements at the United States District Court for the District of Columbia. (hereinafter "Project"). The work by DLI contained two components: a lump sum price in the amount of $1,175,000.00, which was increased to $1,250,000.00 for work on

OPPOSITION TO DEFENDANTS'
MOTION FOR PARTIAL SUMMARY
JUDGMENT AND PLAINTIFF'S
COUNTER-MOTION FOR PARTIAL
SUMMARY JUDGMENT - 1

THE LAW OFFICE OF SHAWN C. WHITTAKER, PC
1010 Rockville Pike – Suite 607
Rockville, MD 20852
Tel: 301.838.4502 / Fax: 301.838.4505
shawn@whittaker-law.com

the 5th and 6th floors and a time and material portion for the work performed on the remainder of the Project.

There are essentially three issues in dispute between the parties which comprise this litigation: (1) the lump sum price of the contract, whether it was $1,175,000.00 or $1,250,000.00; (2) the responsibility of Department of Labor (hereinafter "DOL) wage claim; and (3) disputed work tickets. DLI believes that the record shows that DLI is entitled to summary judgment on issues one and two. As to issue one, the record clearly shows that the lump sum contract price is $1,250,000.00, leaving a balance due and owing from AJM to DLI in the amount of $86,750.00, plus interest. Secondly, the record clearly shows that AJM is responsible for the payment of the DOL wage claim. As to the third issue, the disputed tickets, summary judgment is not proper.

**II.   PLAINTIFF'S STATEMENT OF UNDISPUTED FACTS.**

1.   Plaintiff agrees with Defendants' Statement of Material Facts as to which there is no genuine issue (hereinafter "Defendants' Statement"), except for Defendants' Statements ¶¶ 8, 11, 12, and 22.

2.   As to the lump sum contract for the 5th and 6th floors referenced in paragraph 11 of Defendants' Statement, the base

OPPOSITION TO DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT AND PLAINTIFF'S COUNTER-MOTION FOR PARTIAL SUMMARY JUDGMENT - 2

THE LAW OFFICE OF SHAWN C. WHITTAKER, PC
1010 Rockville Pike – Suite 607
Rockville, MD 20852
Tel: 301.838.4502 / Fax: 301.838.4505
shawn@whittaker-law.com

contract amount was $1,250,000.00. Depo. of M. Corrigan at pp. 23-28. See also copy of December 22, 2004 electronic mail from M. Corrigan to D. Lacy attached as Exhibit 1, referenced at Depo. of M. Corrigan p. 27. AJM added $75,000.00 to the base amount of the lump sum contract in the event that AJM did not pay DLI $200,000.00 on another Project, the Smithsonian North American Indian Museum. Depo. of M. Corrigan at pp. 23-28. Indeed, AJM did not pay DLI the $200,000.00 on the Indian Museum Project so AJM increased the base amount of the lump sum contract from $1,175,000.00 to $1,250,000. Depo. of M. Corrigan at pp. 23-28. Therefore, the amount still remaining owed and not paid on the lump sum contract is $86,750.00.

3. The Courthouse Project was DLI's first Davis-Bacon project. Depo. of D. Lacy at p. 8.

4. Since the inception of DOL's involvement with the Project regarding unpaid wages, DLI has worked with the DOL to resolve the unpaid wage claim. See Affidavit of Dale Lacy attached as Exhibit 2. On July 23, 2007, the DOL and DLI agreed that the unpaid wage claim totaled $164,834.83. See Exhibit 2 and revised statements of unpaid wages and DLI authorization to release funds attached as Exhibit 3. Contrary to Defendants' Statement, the DOL's final determination of the unpaid wage claim was $164,834.83. See Exhibit 2 and 3.

OPPOSITION TO DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT AND PLAINTIFF'S COUNTER-MOTION FOR PARTIAL SUMMARY JUDGMENT - 3

THE LAW OFFICE OF SHAWN C. WHITTAKER, PC
1010 Rockville Pike – Suite 607
Rockville, MD 20852
Tel: 301.838.4502 / Fax: 301.838.4505
shawn@whittaker-law.com

5. AJM agreed to pay at least a portion of the DOL unpaid wage claim. Depo. of M. Corrigan at p. 53.

6. During the Project, during the course of discussions with the DOL, AJM agreed to compensate DLI financially with regards to the DOL unpaid wage claim. Depo. of M. Corrigan at pp. 55-56.

7. The dispute involving the DOL wage claim was not whether a prevailing wage per the Davis Bacon Act had to be paid laborers but rather the issue involved whether *per diem* and fringe benefits paid to laborers was included when determining the amount of hourly wages paid. Depo. of M. Corrigan at pp. 52, 75-77.

8. AJM took the position that DLI and it subcontractors paid the correct amount to its laborers. Depo. of M. Corrigan at pp. 75-77.

9. AJM supported its position by providing DLI and the DOL with a legal opinion from its attorneys, Thelen Reid, that the amount DLI and it subcontractors paid to its laborers was correct. Depo. of M. Corrigan at p. 56.

10. In fact, due to the issues regarding the DOL wage claim, DLI instructed its subcontractors to raises their hourly rates. See Exhibit 2. Depo. of D. Lacy. p. 8. For the pay period March 6-12, 2005, DLI's subcontractors did raise their pay rates. See Exhibit 2. However, AJM instructed DLI to

OPPOSITION TO DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT AND PLAINTIFF'S COUNTER-MOTION FOR PARTIAL SUMMARY JUDGMENT - 4

THE LAW OFFICE OF SHAWN C. WHITTAKER, PC
1010 Rockville Pike – Suite 607
Rockville, MD 20852
Tel: 301.838.4502 / Fax: 301.838.4505
shawn@whittaker-law.com

instruct its subcontractors to lower the hourly rates as it was AJM's position that DLI and its subcontractors were paying their laborers correctly. See Exhibit 2. Depo. of D. Lacy. p. 8.

11. On January 27, 2006, AJM presented a payment schedule to DLI via electronic mail. See electronic mail attached as Exhibit 4.

12. A couple of days after the January 27, 2006 electronic mail from AJM to DLI, the parties met in person to discuss payment arrangements. See worksheet with notes attached as Exhibit 5. AJM agreed to pay DLI $300,000.00 and to pay the DOL claim. Depo. of D. Lacy at p. 47. DLI accepted the payment arrangement as set forth by AJM. Depo. of D. Lacy at p. 47. AJM never made the payments as agreed to DLI.

13. After the parties meeting referenced above, the parties went to a bar to have drinks. Depo. of M. Corrigan at p. 106.

**III. ANALYSIS.**

**A.   STANDARD OF REVIEW.**

Fed. R. Civ. Proc. 56 provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Credibility determinations, the weighing of the evidence, and the drawing of legitimate

OPPOSITION TO DEFENDANTS'
MOTION FOR PARTIAL SUMMARY
JUDGMENT AND PLAINTIFF'S
COUNTER-MOTION FOR PARTIAL
SUMMARY JUDGMENT - 5

THE LAW OFFICE OF SHAWN C. WHITTAKER, PC
1010 Rockville Pike – Suite 607
Rockville, MD 20852
Tel: 301.838.4502 / Fax: 301.838.4505
shawn@whittaker-law.com

inferences from the facts are jury functions, not those of a judge, whether he is ruling on a motion for summary judgment or for a directed verdict. The evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 255 (1986).

  **B. AMOUNT DUE ON LUMP SUM CONTRACT.**

  DLI disputes that the contract was for $1,175,000.00, as stated in Defendants' Statement. AJM clearly agreed that if AJM did not pay DLI $200,000.00 on the Indian Project, then the Courthouse Project contract was increased from $1,175,000.00 to $1,250,000.00. This fact is supported by Mr. Corrigan's deposition testimony as well as his written statement contained in his December 22, 2004 electronic mail to Mr. Lacy. The evidence clearly contradicts AJM's position contained in its Motion and Memorandum that the contract amount was $1,175,000.00, not $1,250,000.00.

  In fact, AJM continuing to maintain such a position is not supported by law or fact and if AJM continues to maintain such a position, then this Court should sanction AJM pursuant to Fed. R. Civ. Proc. 11. DLI submits that the lump sum contract amount is not in dispute and summary judgment should be granted in the favor of DLI on this issue. The evidence shows that the amount remaining to be paid on the lump sum contract is $86,750.70.

OPPOSITION TO DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT AND PLAINTIFF'S COUNTER-MOTION FOR PARTIAL SUMMARY JUDGMENT - 6

THE LAW OFFICE OF SHAWN C. WHITTAKER, PC
1010 Rockville Pike – Suite 607
Rockville, MD 20852
Tel: 301.838.4502 / Fax: 301.838.4505
shawn@whittaker-law.com

DLI is entitled to judgment in the amount of $86,750.70 against the Defendants, jointly and severally, in the amount of $86,750.70, plus interest.

### C.   DAVIS-BACON ISSUE.

DLI contends that it is entitled to summary judgment as to AJM's liability on the Davis-Bacon wage issue on three legal grounds: (a) breach of contract; (b) mutual mistake; and/or (c) promissory estoppel.  Despite the inferences contained in Defendants' Motion and Memorandum, the issue in dispute is not whether the Davis-Bacon laws apply or that the laborers were entitled to be paid the prevailing wage.  The real question is whether DLI is entitled to compensation in the amount of $164,834.83 from AJM for the additional amounts later paid pursuant to the wage claims.  AJM contends that this amount is a back-charge to DLI.  DLI believes that it is entitled to additional compensation in the amount of $164,834.83 as AJM always maintained that it would contribute to the any wage claim.

### (1)   Breach of Contract.

DLI began the Project at the end of 2004.  The parties agreed to a price in December 2004, as evidenced by Mr. Corrigan's electronic mail attached as Exhibit 1.  At the latest, in February of 2005, issues had surfaced regarding the labor rates.  Depo. of M. Corrigan at p. 48.  Two laborers from

OPPOSITION TO DEFENDANTS'
MOTION FOR PARTIAL SUMMARY
JUDGMENT AND PLAINTIFF'S
COUNTER-MOTION FOR PARTIAL
SUMMARY JUDGMENT - 7

THE LAW OFFICE OF SHAWN C. WHITTAKER, PC
1010 Rockville Pike – Suite 607
Rockville, MD 20852
Tel: 301.838.4502 / Fax: 301.838.4505
shawn@whittaker-law.com

Labor Ready complained about wages and on March 7, 2005, Mr. Corrigan sent DLI an electronic mail thanking DLI for its efforts in having funds released for payment. Depo. of M. Corrigan at pp. 4850. Mr. Corrigan also stated in the electronic mail "I hope those two guys aren't on site anymore." From that point forward, the wage claim was at issue.

AJM continuously agreed to compensate DLI for any liability on the wage claim. AJM did so to keep DLI on the Project. Depo. of D. Lacy at p. 42. Indeed, DLI stayed on the Project and completed the Project. In this case, the DOL made a determination DLI and its subcontractors did not pay the correct labor rates. (DLI and its subcontractors' labor rate exceeded the prevailing wage if *per diem* and fringe benefits are included in the hourly rate). In some circumstances, the law has allowed additional compensation to a contractor in light of an increased wage determination. w See Reidell, et al. v. United States, 43 Fed. Cl. 770 (Fed. Cl. 1999) (recognizing that Plaintiffs could seek compensation for wages after it was determined that the Davis-Bacon Act did apply to an Air Force contract); American Line Builders v. United States, 26 Cl. Ct. 1155, 1212-1215 (Ct. Cl. 1992) (allowing Plaintiff contractor's claim for additional compensation when United States found that a worker was not classified properly). In this case, AJM contracted to

OPPOSITION TO DEFENDANTS'
MOTION FOR PARTIAL SUMMARY
JUDGMENT AND PLAINTIFF'S
COUNTER-MOTION FOR PARTIAL
SUMMARY JUDGMENT - 8

THE LAW OFFICE OF SHAWN C. WHITTAKER, PC
1010 Rockville Pike – Suite 607
Rockville, MD 20852
Tel: 301.838.4502 / Fax: 301.838.4505
shawn@whittaker-law.com

compensate DLI for any increased wage rate. DLI relied on AJM's representations that it was paying the correct labor rate.

There is no dispute that AJM agreed to financially assist DLI with the DOL wage claim. Depo. of M. Corrigan at pp. 53-56. Based on the representations of AJM that it would pay any wage liability, DLI remained on the Project. In addition to the admissions of Mr. Corrigan during his deposition, after the Project was completed, before any controversy had arisen between the parties, on January 27, 2006, Mr. Corrigan provided DLI a payment schedule which addressed AJM's liquidity issues, again recognizing that AJM would pay the DOL claim. See electronic mail attached as Exhibit 5.

In sum, AJM has breached the contract between the parties for AJM to pay the DOL claim. Early during the course of the Project, AJM offered to pay the DOL claim if AJM was wrong in its determination, which it supported with a legal opinion from Thelen, Reid, that the *per diem* and fringe benefits were not included in determining the hourly wage paid to the laborers. Obviously, DLI accepted the offer from AJM and continued to perform on the Project. DLI should be compensated for the wage claim as the parties agreed.

**(2) Mutual Mistake.**

Undoubtedly, the parties made a mutual mistake in determining the correct labor rate. Further, AJM supported its

OPPOSITION TO DEFENDANTS'
MOTION FOR PARTIAL SUMMARY
JUDGMENT AND PLAINTIFF'S
COUNTER-MOTION FOR PARTIAL
SUMMARY JUDGMENT - 9

THE LAW OFFICE OF SHAWN C. WHITTAKER, PC
1010 Rockville Pike – Suite 607
Rockville, MD 20852
Tel: 301.838.4502 / Fax: 301.838.4505
shawn@whittaker-law.com

understanding of the correct labor rate with a legal opinion. DLI had actually instructed its subcontractors to increase the labor rate, but again reduced the labor rate based on the representations of AJM and its attorneys.

The law allows reformation of a contract when the parties believe an extrinsic fact to be true which is in fact erroneous. Isaac v. First Nat'l Bank, 647 A.2d 1159 (D.C. 1994). In this case, this Court apply its equitable powers and allow compensation to DLI for the mutual mistake of the parties.

**(3)  Promissory Estoppel.**

For the doctrine of promissory estoppel to be applicable, "there must be a promise which reasonably leads the promisee to rely on it to his detriment, with injustice otherwise not being avoidable." N. Litterio & Co. v. Glassman Const. Co., 319 F.2d 736, 739 (D.C. Cir. 1963). Even more, promissory estoppel can be applied to make gratuitous promises enforceable. Greene v. Howard University, 134 U.S. App. D.C. 81 (D.C. Cir. 1969). Assuming arguendo that AJM's agreement to pay DLI for any wage claim liabilities were gratuitous promises, this Court can apply the doctrine of promissory estoppel to find AJM liable for the DOL wage claim.

The record unmistakably shows that AJM informed DLI that AJM would financially assist DLI with any wage claims. AJM went as far as to provide DLI with a legal opinion from its attorneys to

OPPOSITION TO DEFENDANTS'
MOTION FOR PARTIAL SUMMARY
JUDGMENT AND PLAINTIFF'S
COUNTER-MOTION FOR PARTIAL
SUMMARY JUDGMENT - 10

THE LAW OFFICE OF SHAWN C. WHITTAKER, PC
1010 Rockville Pike – Suite 607
Rockville, MD 20852
Tel: 301.838.4502 / Fax: 301.838.4505
shawn@whittaker-law.com

support its promises. As AJM admits, AJM repetitively during the course of the Project promised to compensate DLI for any unpaid wages if the position taken by AJM was found to be incorrect. DLI relied on the promises and representations of AJM to its detriments. Further, a majority of the Project was a time and material contract, which is an hourly contract. DLI could have increased its hourly rate to include the increased wage.

In sum, it would be completely unjust for this Court to deny DLI compensation and it would be even more unjust for this Court to now allow AJM to backcharge DLI for the wage claim. This case is unique in that AJM and DLI worked together on this Project. AJM fabricated the materials which DLI installed. In other words, DLI provided the labor to install AJM's materials. The parties worked in concert to complete the Project. DLI should not have to bear the full cost of the wage claim. AJM agreed to pay DLI for any wage claim liability and this Court should enforce AJM's agreement to pay DLI for the wage claim.

**D. The provisions of the written subcontract are inapplicable.**

The Defendants' Memorandum at page 9, section D, points to several provisions of the written subcontract. However, those provisions are inapplicable as there is no written enforceable contract governing the relationship of the parties. AJM

OPPOSITION TO DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT AND PLAINTIFF'S COUNTER-MOTION FOR PARTIAL SUMMARY JUDGMENT - 11

THE LAW OFFICE OF SHAWN C. WHITTAKER, PC
1010 Rockville Pike – Suite 607
Rockville, MD 20852
Tel: 301.838.4502 / Fax: 301.838.4505
shawn@whittaker-law.com

admittedly never executed the subcontract and returned it to DLI. Depo. of M. Corrigan at p. 38. While DLI agrees that an oral contract exists, the parties never entered into a written subcontract and agreed to all terms.

On December 9, 2004, DLI received the scope of work from AJM. Depo. of D. Lacy at p. 77. DLI began work on the Project on December 2, 2004. Not until months later, in February, at about the same time that the wage claim issue arose, did AJM provide DLI a written subcontract. Months after the wage claim issue, on April 5, 2005, DLI returned a revised copy of the subcontract to AJM. See letter attached as Exhibit 6. DLI never received a response to the revised subcontract. Further, as evidenced by the letter, DLI did not know who it was contracting with on the Project. More importantly, section 28 of the subcontract states that "[t]he Subcontract shall be of no force or effect unless and until accepted in writing by the Contractor at its office." Again, AJM admitted it never accepted the Subcontract in writing. Therefore, the written Subcontract has no force or effect and the terms cannot be enforced against DLI.

The Defendants carry the burden of proving the existence of a contract and the Defendants must prove the terms of the contract. Jack Baker, Inc. v. Office Space Dev. Corp., 664 A.2d 1236, 1238 (D.C. 1995). DLI contends that no enforceable

OPPOSITION TO DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT AND PLAINTIFF'S COUNTER-MOTION FOR PARTIAL SUMMARY JUDGMENT - 12

THE LAW OFFICE OF SHAWN C. WHITTAKER, PC
1010 Rockville Pike – Suite 607
Rockville, MD 20852
Tel: 301.838.4502 / Fax: 301.838.4505
shawn@whittaker-law.com

written contract existed as it was delivered to DLI months after DLI started the Project, DLI delivered a revised contract to AJM five months into the Project, DLI requested information regarding who it was contracting with, and AJM never provided the requested information or a signed agreement to DLI. Again, as stated, pursuant to section 28 of the Subcontract, since AJM failed to sign the Subcontract, it has not force or effect. The remaining portion of the subcontract was a "time and material" subcontract. Even if this Court applies the provisions of the written subcontract, the written subcontract provisions only applied to the "lump sum" portion of the Project.

    D.    **BREACH OF AGREEMENT TO PAY.**

Prior to filing any litigation, DLI met with AJM to discuss payment arrangements and to reconcile the Project. Depo. of D. Lacy at pp. 83-84. AJM and DLI met and the parties reached an agreement. See Exhibit 5. AJM would pay DLI $300,000.00 and would pay the DOL wage claim. DLI filed suit after AJM failed to pay the $300,000.00 as agreed.

AJM agreed to pay DLI $300,000.00 and the wage claim. AJM breached the agreement to pay DLI. Therefore, DLI is entitled to summary judgment in the amount of $300,000.00, plus $164,834.83 for the wage claim.

    **IV. CONCLUSION.**

OPPOSITION TO DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT AND PLAINTIFF'S COUNTER-MOTION FOR PARTIAL SUMMARY JUDGMENT - 13

THE LAW OFFICE OF SHAWN C. WHITTAKER, PC
1010 Rockville Pike – Suite 607
Rockville, MD 20852
Tel: 301.838.4502 / Fax: 301.838.4505
shawn@whittaker-law.com

No dispute of material fact exists as to the contract balance due DLI in the amount of $86,750.00 and the $164,834.83 wage claim. In the alternative, no dispute of material fact exists that AJM failed to pay DLI $464,834.83 per the parties' January 2006 agreement. DLI is entitled to judgment as a matter of law.

                        Respectfully submitted,

                        <u>/s/Shawn C. Whittaker</u>
                        Shawn C. Whittaker
                        DC Bar #468533
                        9055 Comprint Court, Ste. 340
                        Gaithersburg, MD 20877
                        (301)208-9114

                        Attorney for D.L.I. Incorporated

OPPOSITION TO DEFENDANTS'
MOTION FOR PARTIAL SUMMARY
JUDGMENT AND PLAINTIFF'S
COUNTER-MOTION FOR PARTIAL
SUMMARY JUDGMENT - 14

THE LAW OFFICE OF SHAWN C. WHITTAKER, PC
1010 Rockville Pike – Suite 607
Rockville, MD 20852
Tel: 301.838.4502 / Fax: 301.838.4505
shawn@whittaker-law.com